LAWRENCE EDWARDS V. THE STATE.

No. 23046. Delivered February 7, 1945.

The opinion states the case.

*W. S. Foster*, of Waco, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a sentence of two years in the penitentiary on a charge of burglary.

It is alleged that appellant, a nineteen-year-old negro boy, together with two companions who were of the juvenile age, burglarized a filling station belonging to H. L. Mayfield. The two boys were first arrested and made a confession implicating the appellant. He was arrested and taken with them to the county jail in Waco at which place each of the boys signed a statement giving the facts upon which the State relies for a conviction.

When the case was called for trial the attorney for appellant filed a motion for a continuance, setting out the absence of certain witnesses by whom he expected to prove an alibi. This application does not comply with the requirements of Article 543, Vernon's Annotated Code of Criminal Procedure. The places of residence of the witnesses are not given. It is merely stated that "due diligence was used" while the statute requires that he

shall set out "the diligence which has been used" to procure their attendance. Whether or not it is due diligence is a matter for the court. Neither does it say that the witnesses are not absent "by the procurement or consent of the defendant," or that there is no reasonable expectation that the attendance of the witnesses can be secured during the present term of court. These provisions are mandatory, in the absence of which the motion is defective. Furthermore, the bill complaining of the failure of the court to grant the continuance is qualified by the District Judge who says that "no application was ever filed by the defendant, nor for him, to have said witnesses, or any of them, summoned, that no subpoena was ever issued nor served upon any of said witnesses and that no effort was made by said defendant, nor in his behalf, to have any process issued for said witnesses."

We find in the transcript what is denominated a supplemental statement of facts. This is in question and answer form and could not be considered by us. Sanders v. State, 157 S. W. (2d) 910, Williams v. State, 170 S. W. (2d) 735, Vernon's Ann. C. C. P., Article 760 and annotations thereunder. However, in view of the very earnest argument in connection with this portion of the record we may say that the personal efforts of some friend of the accused to secure his witnesses does not meet the requirements of law in measuring diligence. If one chooses his own method of securing the attendance of witnesses he must suffer the consequences of his failure. Diligence consists of a timely and persistant effort to secure the attendance of witnesses, using the agencies prescribed by law. For the foregoing reasons it is our conclusion that it was not only within the discretion but was the duty of the trial court to overrule the motion.

The State relied for conviction on a written confession signed by appellant. When it was offered the defendant objected to its introduction "for the reason said statement was obtained through force, duress and coercion, was not defendant's own statement, nor in his own handwriting and not in his own words and that defendant has no knowledge of the contents of said statement." On this objection the defendant, testifying in his own behalf, claimed that force had been applied by an officer prior to the time he was presented to the Assistant District Attorney who received the confession. He named the witnesses who were present and neither of these testified in the case denying the statement made by the accused. The Deputy Sheriff who had him under arrest and who, according to the charge, beat him up was reported to be in bed sick and had been for thirty days but no evidence is given explaining the absence of the other wit-

nesses who were in position to deny the story as told by appellant. This has presented quite a troublesome question as to whether or not the evidence was sufficient to support the finding of the jury on the issue submitted to them by the court. We have concluded, however, that sufficient evidence was given by others, denying the conditions which the accused described, to support the jury's finding. He said that he was beat over the head and exhibited a scar which he claimed was the result of the wound inflicted; that he bled profusely and that the officers in the jail had a trusty to wash the blood off and dress his wound. This condition of the boy as he was seen in the jail was denied positively by more than one witness. If their testimony is to be believed the appellant was not beat up in the manner described. The circumstances given were for the consideration of the jury. The issue was submitted in a manner agreeable to appellant and the jury's finding is conclusive on this court.

We find no error in the record and the judgment of the trial court is affirmed.