Ellis C. DAVIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–89–197 CR.

Court of Appeals of Texas, Beaumont.

Feb. 28, 1990.

78

G. Patrick Black, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for state appellee.

## OPINION

BURGESS, Justice.

Appellant was convicted of the offense of attempted capital murder. The jury found three enhancement paragraphs true and assessed punishment at ninety-nine years' confinement in the Texas Department of Corrections. Appellant urges two points of error.

Appellant's first point of error asserts that the trial court erred in admitting a photograph of appellant which was taken at the time of his arrest a few days after the present offense was committed. The photograph in question depicts appellant in custody with a Jefferson County Sheriff's Department sign and "inmate" number held below his face. The sign also shows the date of his arrest. Appellant argues that the admission of this "mug shot" depicts him before the jury as a convict and therefore deprived him of the presumption of innocence. Appellant argues that to allow the state to introduce such a photograph is similar to requiring a defendant to appear before a jury in shackles or handcuffs. *See, Moore v. State,* 535 S.W.2d 357 (Tex.Crim.App.1976).

We disagree. We do not believe that the admission of a photograph, at least in this case, rises to the level of a violation of appellant's constitutional right to be presumed innocent. The date displayed on the photograph was shown to be the date of his arrest for the present offense. Thus, the danger of introduction of extraneous offenses was vitiated. *See, Ware v. State,* 628 S.W.2d 249 (Tex.App.—Fort Worth 1982, pet. ref'd.). Appellant placed identity in issue by asking the complaining witness what kind of beard his assailant had. The complaining witness stated that his assailant had a "scraggly" beard. On redirect, the complainant stated that the person depicted in the photograph was the man who robbed him and cut his throat. A police officer testified that the photograph accurately depicted appellant's appearance at the time of his arrest for the present offense. The "mug shot" was, therefore, admissible to indicate the appellant's appearance on or about the day of the offense. *See, Laws v. State,* 549 S.W.2d 738 (Tex.Crim.App.1977). Appellant's first point of error is overruled.

■ Appellant's second point of error urges that the trial court erred in admitting evidence of parole laws. The state called Charlotte Ball, appellant's accomplice in the offense, as a witness. Ball testified that she saw appellant rob the complainant at knifepoint. On cross-examination, appellant's counsel asked Ball if she knew what a time cut was. Ball stated that a "time cut" was a reduction of a convict's sentence. Ball admitted she was presently serving a thirty-year sentence for robbery. Under questioning by appellant's counsel, Ball stated she hoped to obtain a time cut and she knew the prosecutor could object if she applied for one.

On re-direct, Ball stated that the prosecutor had not discussed the possibility of her obtaining a time cut. Then the prosecutor asked Ball the following question:

Q. If you did not have a time cut, when do you estimate you would be out of the penitentiary?

A. In about—On—Two to three years.

Appellant's counsel objected that the question called for speculation on the part of the witness, and on the grounds that it was irrelevant and in violation of TEX.R.CRIM. EVID. 403. Rule 403 renders relevant evidence inadmissible where its probative worth is substantially outweighed by its potential for unfair prejudice. *Id.*

Appellant had clearly attacked Ball's credibility on the ground that she had an interest to protect by testifying in favor of the state, in that she did not want the prosecutor to object to her obtaining a "time cut". The weight given this interest in determining the witnesses' credibility would likely be influenced by the length of the sentence the witness was serving. Apparently this is why appellant made the jury aware that Ball's sentence was thirty years. "A party shall be permitted to present evidence rebutting any evidence impeaching one of said party's witnesses on grounds of bias or interest." TEX.R. CRIM.EVID. 612(b). We hold that the state was entitled to ask Ball how long she expected to be in prison if she did not receive a "time cut" in order to reduce the impact of her admissions that she hoped to receive a "time cut".

■ There was some danger that such evidence might disclose to the jury the effect of parole laws. However, it had already been revealed to the jury that a prisoner could be released from prison prior to serving the full term of his original sentence. Furthermore, the credibility of Ball was extremely important to the state's case, because the state's only other witness capable of identifying appellant had a somewhat limited opportunity to view his assailant. Therefore, we cannot say that the probative worth of this evidence was substantially outweighed by its potential for unfair prejudice. Appellant's second point of error is overruled. The judgment of the trial court is affirmed.

AFFIRMED.