COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-01-524-CR
JOHN DEE WOOTEN                                                                        
APPELLANT
V.
THE STATE OF TEXAS                                                                        
STATE
------------
FROM COUNTY CRIMINAL COURT NO. 2 OF
TARRANT COUNTY
------------
MEMORANDUM
OPINION(1)
------------
John Dee Wooten, Jr. (appellant) appeals his conviction by a jury for driving
while intoxicated (DWI). In his five points, he contends (1) the evidence is
legally insufficient because the State alleged the manner and means of
intoxication to be by ingestion of alcohol, but proved it to be by ingestion of
a combination of two or more substances, namely, alcohol and Valium; (2) the
evidence is legally insufficient to establish that he operated a motor vehicle;
(3) the evidence is factually insufficient to show intoxication; (4) the trial
court abused its discretion in overruling his motion for continuance because the
witness named would have offered material evidence concerning facts that were
probably true; and (5) the trial court abused its discretion in failing to grant
his motion for mistrial regarding hearsay evidence. We affirm.
I. Factual Background
On June 8, 1999 appellant went to his friend's house to help repair a bathtub
and watch a hockey game. While driving his girlfriend's Blazer to his friend's
home, appellant claims the brakes went out. He parked the car and called someone
to tow it. Appellant admitted that after helping his friend repair the bathtub,
he consumed three shots of Jack Daniel's Black, took some Valium, and went to
sleep.
According to trial testimony, the facts of the following events are disputed.
Appellant claims that his friend Greg Pepper woke him up and said, "I
thought you were leaving. . . . Your car is pulling out of the driveway."
Appellant testified that some men stole the Blazer, and he chased them down the
street until they crashed into a retaining wall. Another truck then pulled up,
and the men started throwing things out of the Blazer and into the truck. The
men left the crashed Blazer and drove off before appellant got there.
Neighbors in the area testified that they heard a loud crash and immediately
went outside to see what was going on. They noticed a man sitting in the crashed
Blazer, trying to get the car into gear to leave. Another car then drove up,
parked near the Blazer, and the driver started helping the man in the Blazer
transfer things, like a rifle and beer, to the other car. The neighbors
testified that it appeared that the men knew each other.
When the police arrived, Officer O'Connor saw appellant in the Blazer and
noticed he had injuries, which appellant claimed occurred when he fell down
chasing the car. Officer O'Connor then noticed appellant had bloodshot eyes,
slurred speech, and smelled of alcohol. The officer arrested him for public
intoxication and later charged him with DWI after learning that a witness saw
him operating the vehicle. The officer took appellant to the station where he
refused a breath test. Appellant then performed the walk-and-turn and the
one-leg stand sobriety tests. Based on Officer O'Connor's observations, she
believed appellant was intoxicated because of "the liquor and possibly the
medication he stated he took."
A jury convicted appellant of DWI and sentenced him to 120 days, probated for
two years and $750 fine. He appeals the DWI conviction.
II. Legal Sufficiency of Intoxication by Alcohol
In his first point, appellant contends that the evidence is legally
insufficient because the State alleged the manner and means of intoxication to
be by ingestion of alcohol, but proved it to be by ingestion of a combination of
two or more substances, namely, alcohol and Valium.
Appellant testified that he took three shots of Jack Daniel's Black the
evening of the accident. Officer O'Connor testified that when she reached the
scene appellant had bloodshot eyes, slurred speech, and smelled of alcohol.
Appellant refused to take a breath test and also performed poorly on sobriety
tests. During the walk-and-turn test he stepped off the line on count three, he
did not walk heel-to-toe, and he also used his arms for balance. Appellant also
exhibited three indicators of intoxication during the one-leg stand test. The
jury not only heard the officer's testimony about the sobriety tests, but also
viewed the video of appellant performing the tests in the intoxilyzer room.
In addition to appellant's alcohol consumption, the jury also heard evidence
that appellant had taken Valium and Prozac the day of the accident. Appellant
argues that Officer O'Connor testified that in her opinion, he was intoxicated
by reason of the introduction of alcohol and another substance, namely a
medication into his body. Officer O'Connor specifically testified, "My
opinion is the alcohol, the liquor and possibly the medication he
stated he took[,]" caused the intoxication.
The indictment alleged that appellant was intoxicated "by reason of the
introduction of alcohol into his body." The charge defined
"intoxicated" as not having the normal use of mental or physical
faculties by reason of the introduction of alcohol into the body. The
application paragraph of the charge read as follows:

         Now, if you find from the
 evidence beyond a reasonable doubt that the Defendant, John D. Wooten, in
 Tarrant County, Texas, on or about the 8th day of June, 1999, did
 operate a motor vehicle in a public place while the said Defendant was
 intoxicated by not having the normal use of his mental or physical faculties
 by reason of the introduction of alcohol into his body, then you will find the
 Defendant guilty as charged.

Although the jury heard evidence of both alcohol and drug consumption, it was
only charged with the possibility of finding appellant guilty of intoxication by
alcohol. This is not a situation in which the indictment charged one offense and
then the jury charge improperly expanded the allegations in the indictment and
authorized a conviction on a theory not alleged in the charging instrument. See
Rodriguez v. State, 18 S.W.3d 228, 232 (Tex. Crim. App. 2000) (holding that
a jury charge was inappropriate because it expanded on the definition of
"intoxicated" as set forth in the information). The indictment and
charging instrument both alleged intoxication by the introduction of alcohol.
Thus, in order to convict appellant, the jury had to find intoxication by
alcohol. The jury clearly did so, finding appellant "guilty as
charged." See Sutton v. State, 899 S.W.2d 682, 685 (Tex. Crim.
App. 1995) (holding that a jury found defendant guilty of intoxication solely by
alcohol even though the charge stated "intoxicated with alcohol, either
alone or in combination with a drug that made him more susceptible to the
alcohol").
Thus, the jury heard more than sufficient evidence from which to infer that
appellant was guilty of intoxication by alcohol. Accordingly, applying the
appropriate standard of review, (2) we hold that
the evidence is legally sufficient to support the jury's verdict.
(3) We overrule appellant's first point.
III. Factual Sufficiency of Intoxication
In his third point, appellant argues that the evidence is factually
insufficient to show intoxication. After reviewing the record, we conclude that
the jury's verdict is not so contrary to the overwhelming weight of the evidence
to be clearly wrong and unjust. Accordingly, applying the appropriate standards
of review,(4) we hold that the evidence is
factually sufficient to support the verdict.(5)
Thus, we overrule appellant's third point.
IV. Legal Sufficiency of Operating a Vehicle
In his second point, appellant alleges that the evidence is legally
insufficient to establish that he operated a motor vehicle. See Tex.
Penal Code Ann. § 49.04(a) (Vernon Supp. 2003). While there is no statutory
definition of "operate," the plain meaning of the word requires
"effort, the doing of something, by the operator." Reddie v. State,
736 S.W.2d 923, 926 (Tex. App.--San Antonio 1987, pet. ref'd).
The Texas Court of Criminal Appeals has held that "To find operation
under [the DWI] standard, the totality of the circumstances must demonstrate
that the defendant took action to affect the functioning of [the] vehicle in a
manner that would enable the vehicle's use." Denton v. State, 911
S.W.2d 388, 390 (Tex. Crim. App. 1995). The court of criminal appeals also noted
that while driving does involve operation, operation does not necessarily
involve driving. Id. at 389; see also Barton v. State, 882
S.W.2d 456, 459 (Tex. App.--Dallas 1994, no pet.) (refusing to accept the
contention that to operate a vehicle within the meaning of the statute, the
driver's personal effort must cause the automobile to either move or not move).
We conclude that the evidence, together with reasonable inferences drawn
therefrom, is sufficient to show that appellant was operating a vehicle. A
neighbor testified that she heard a crash and went outside to see what happened.
It took "[n]ot even like four steps" to get outside, where the
neighbor saw a Blazer crashed into a wall with a man inside and no one else
around.(6) When asked if he needed any help,
appellant told the witnesses he did not need any help and to tend to their own
business or they would regret it. They testified that appellant was trying to
get the Blazer in gear to leave, but it was stuck against the retaining wall.
Furthermore, a witness testified that he thought the engine was running. Based
on the totality of the circumstances, this evidence is sufficient to establish
an "action to affect the functioning of [the] vehicle in a manner that
would enable the vehicle's use." Denton, 911 S.W.2d at 390; see
also Kerr v. State, 921 S.W.2d 498, 501 (Tex. App.--Fort Worth 1996, no
writ) (holding that someone attempting to drive a stuck car out of a ditch by
"revving" the engine of the car, which caused the tires to spin
rapidly enough to generate smoke, was operating a vehicle). Moreover, a jury was
free to disbelieve appellant's testimony that he was chasing car thieves who
crashed his automobile into the retaining wall. See Turro v. State, 867
S.W.2d 43, 48 (Tex. Crim. App. 1993) (stating that a jury is free to consider
and decide on conflicting theories).
Accordingly, applying the appropriate standard of review,(7)
we hold that the evidence is legally sufficient to support the jury's verdict.(8)
We overrule appellant's second point.
V. Motion for New Trial
In his fourth point, appellant contends that the trial court abused its
discretion in overruling his motion for continuance because the witness named
would have offered material evidence concerning facts that probably were true.
The State replies that appellant failed to show that he used due diligence to
locate the witness.
The refusal of a continuance lies within the sound discretion of the court
and is reversible only for an abuse of discretion. Matamoros v. State,
901 S.W.2d 470, 478 (Tex. Crim. App. 1995); Collier v. Poe, 732 S.W.2d
332, 334 (Tex. Crim. App. 1987). The Texas Code of Criminal Procedure requires
that a defendant seeking a first motion of continuance because of an absent
witness must show the "diligence which has been used to procure his
attendance; and it shall not be considered sufficient diligence to have caused
to be issued, or to have applied for, a subpoena." Tex. Code Crim. Proc.
Ann. art. 29.06(2) (Vernon 1989). Diligence is considered the exercise of timely
and persistent efforts to secure the attendance of witnesses, using the means
and agencies provided by law. Edwards v. State, 148 Tex. Crim. 104, 185
S.W.2d 111, 112 (1945). If defense counsel waits until only a few days before
trial to seek to secure a witness for trial, the court may conclude that due
diligence has not been used. Norton v. State, 564 S.W.2d 714, 716-17
(Tex. Crim. App. 1978). Furthermore, the defendant's attorney should demonstrate
the likelihood that the witness will be found within a reasonable amount of
time. Salinas v. State, 542 S.W.2d 864, 866 (Tex. Crim. App. 1976)
(further holding that it is not error to deny a continuance if the witness is
absent indefinitely).
Here, appellant fails to show that he used due diligence to secure the
witness's attendance as required under article 29.06(2). See Tex. Code
Crim. Proc. Ann. art. 29.06(2). Appellant's motion for continuance makes a bare
allegation that he used diligence and then refers to an attached affidavit that
"details the diligence used to procure Greg Pepper's attendance."
However, the attached affidavit is nothing but appellant's sworn statement that
the allegations contained in the motion are true and references no further
details concerning the diligence used to procure the witness. Because appellant
failed to demonstrate persistent efforts to secure the attendance of the
witness, the trial court did not abuse its discretion in denying appellant's
motion for continuance.
Furthermore, appellant provides no evidence that he applied for or procured a
subpoena to compel the witness's attendance. Appellant even testified that he
did not know where the witness was at the time of trial. See Salinas,
542 S.W.2d at 866 (requiring defendant's attorney to demonstrate that the
witness will be found within a reasonable amount of time); see also
Rodriguez v. State, 21 S.W.3d 562, 566 (Tex. App.--Houston [14th
Dist.] 2000, pet. ref'd) (op. on reh'g), cert. denied, 532 U.S. 995
(2001) (holding that denial of continuance was proper where defendant did not
try to subpoena witness until second day of trial and was unsure of witness's
whereabouts). Therefore, appellant's fourth point is overruled.
VI. Failure to Grant Mistrial
In his fifth point, appellant argues that the trial court abused its
discretion in failing to grant his motion for mistrial regarding hearsay
evidence. The State responds that appellant fails to show that the trial court's
instruction to disregard was insufficient to cure error.
A mistrial is a device used to halt trial proceedings when error is so
prejudicial that expenditure of further time and expense would be wasteful and
futile. Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999), cert.
denied, 529 U.S. 1070 (2000). The determination of whether a given error
necessitates a mistrial must be made by examining the particular facts and
circumstances of the case. Hernandez v. State, 805 S.W.2d 409, 414
(Tex. Crim. App. 1990), cert. denied, 500 U.S. 960 (1991). A trial
court's denial of a mistrial is reviewed under an abuse of discretion standard. State
v. Gonzalez, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993).
Generally, harm from improper testimony is cured by an instruction to
disregard, except in extreme cases where it appears the evidence is clearly
calculated to inflame the minds of the jurors, and is of such character as to
suggest the impossibility of withdrawing the impression produced on their minds.
Gardner v. State, 730 S.W.2d 675, 696 (Tex. Crim. App.), cert.
denied, 484 U.S. 905 (1987). Appellant argues that when Detective Johnson
testified from a report in which he stated that a witness actually pointed out
Pepper and identified him as the person taking items out of the truck, it was
hearsay. The trial court sustained appellant's objection; however, it denied his
motion for mistrial. Appellant contends this testimony was harmful because it
contradicted appellant's story that thieves stole the Blazer and would sway the
jury toward conviction.
Here, the hearsay response was not so clearly calculated to inflame the minds
of the jurors that a mistrial was required. "Because curative instructions
are presumed efficacious to withdraw from jury consideration almost any evidence
or argument which is objectionable, trial conditions must be extreme before a
mistrial is warranted under Texas law." Bauder v. State, 921
S.W.2d 696, 700 (Tex. Crim. App. 1996). Such extreme conditions were not met in
this case. See Estrada v. State, 945 S.W.2d 271, 274 (Tex.
App.--Houston [1st Dist.] 1997, pet. ref'd) (holding that hearsay
testimony directly connecting defendant with a gang could be cured by a jury
instruction to disregard). Officer Johnson's testimony did not prove that
appellant was driving or that he was intoxicated, but merely may have cast doubt
on appellant's car thief story. Furthermore, the jury heard witness testimony
that another man appeared on the scene after the crash and seemed to know the
driver. With all the evidence before the jury, we cannot say that the hearsay
statement is of such character as to suggest the impossibility of withdrawing
the impression produced on the jurors' minds without granting a mistrial. See
Gardner, 730 S.W.2d at 696. The trial court's instruction to disregard
was sufficient; therefore, it did not abuse its discretion in denying a
mistrial. Thus, we overrule appellant's fifth point.
VII. Conclusion
Having overruled all of appellant's points, we affirm the trial court's
judgment.
 
                                                                               
TERRIE LIVINGSTON
                                                                               
JUSTICE
 
PANEL B: LIVINGSTON, GARDNER, and WALKER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED FEBRUARY 6, 2003]

1. See Tex. R. App. P. 47.4.
2. See Emery v. State, 881 S.W.2d 702, 705 (Tex.
Crim. App. 1994), cert. denied, 513 U.S. 1192 (1995); Narvaiz v.
State, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), cert. denied,
507 U.S. 975 (1993) (both providing legal sufficiency standard of review).
3. See Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979).
4. See Santellan v. State, 939 S.W.2d 155, 165
(Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996) (both providing factual sufficiency standard of review).
5. See Clewis, 922 S.W.2d at 134.
6. Although appellant argues that the neighbor never
identified him as the driver of the Blazer in court, the neighbor saw the person
she identified as the driver placed in handcuffs and put in a patrol car by
police. She further testified that there was no chance anyone switched places
with the man. A rational juror could find that the witness saw the same man who
drove the car get arrested and that that man was appellant. See Dickson v.
State, 642 S.W.2d 185, 189 (Tex. App.--Houston [14th Dist.]
1982, pet. ref'd) (holding that when defendant was seen exiting the driver's
side door of a stolen van immediately after it came to a stop, the evidence
supported an inference that defendant was driving and therefore operating the
van).
7. See Emery, 881 S.W.2d at 705; Narvaiz,
840 S.W.2d at 423.
8. See Jackson, 443 U.S. at 319, 99 S. Ct. at
2789.