COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-280-CR
 
  
ALBERT 
IBBARRA SALAS                                                       APPELLANT
A/K/A 
ALBERT I. SALAS
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 372ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Albert Ibbarra Salas appeals his conviction for aggravated sexual assault of a 
child under fourteen years of age.  We affirm.
        The 
parties are familiar with the facts, and the applicable law is well settled.
        In 
a sole point, appellant contends that the trial court erred in denying his 
motion for a continuance to locate and secure the testimony of an out-of-state 
witness.  We review the trial court’s refusal to grant a continuance 
under an abuse of discretion standard.  Wright v. State, 28 S.W.3d 
526, 532 (Tex. Crim. App. 2000), cert. denied, 531 U.S. 1128 (2001); Janecka 
v. State, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996), cert. denied, 
522 U.S. 825 (1997); Dotson v. State, 146 S.W.3d 285, 297 (Tex. 
App.—Fort Worth 2004, pet. ref’d).
        A 
motion for a continuance based on a missing witness must show, among other 
things, that the party seeking the continuance exercised due diligence to secure 
the witness's attendance.  Tex. Code 
Crim. Proc. Ann. art. 29.06(2) (Vernon 1989); Hughes v. State, 962 
S.W.2d 89, 90 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d).  
Diligence, in the motion for continuance context, is the exercise of timely and 
persistent efforts to secure the attendance of witnesses, using the means and 
agencies provided by law.  Edwards v. State, 148 Tex. Crim. 104, 
106, 185 S.W.2d 111, 112 (1945); Tucker v. State, 109 S.W.3d 517, 520 
(Tex. App.—Tyler 1999, pet. ref’d).  It requires timely efforts to 
procure witnesses as well as timely presentation of a motion for 
continuance.  Dewberry v. State, 4 S.W.3d 735, 756 (Tex. Crim. App. 
1999).
        The 
trial court did not abuse its discretion in denying appellant’s motion for 
continuance because appellant failed to show that he used due diligence to 
secure Melinda Ferguson’s testimony.  Neither his efforts to procure 
Ferguson nor his presentation of the motion for continuance was timely.  
The record shows that appellant first attempted to secure Ferguson’s testimony 
on June 9, 2004 when his attorney caused a subpoena to issue for her and moved 
for the appointment of a private investigator.  This did not constitute a 
timely effort to procure the witness because, at that point, nearly twenty-one 
months had elapsed since appellant’s indictment,[2] 
and appellant’s attorney had been representing him for over three months.[3]  See Norton v. State, 564 S.W.2d 714, 
716-17 (Tex. Crim. App. 1978) (holding that a court may conclude that due 
diligence has not been used when defense counsel waits until only a few days 
before trial to seek to secure a witness for trial); Hughes, 962 S.W.2d 
at 90 (holding that appellant who had two weeks’ notice of trial date but 
waited until the day of trial to cause a subpoena to issue failed to show due 
diligence).  Appellant’s attorney’s filing of the motion for 
continuance on Friday, June 11, 2004 and presentation to the trial court on 
Tuesday, June 14, the day before the trial began, was also untimely.  See 
Kelly v. State, 471 S.W.2d 65, 66 (Tex. Crim. App. 1971); Dewberry, 4 
S.W.3d at 756.  These last-ditch efforts to secure Ferguson’s testimony 
do not constitute the “exercise of timely and persistent efforts to secure the 
attendance of witnesses, using the means and agencies provided by law.”  See 
Edwards, 185 S.W.2d at 112; Tucker, 109 S.W.3d at 520.  
Accordingly, we overrule appellant’s sole point and affirm the trial court’s 
judgment.
 
  
                                                          PER 
CURIAM


 
PANEL 
A:   CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 28, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Appellant was indicted in August 2002.  The trial court granted 
appellant’s application for continuance in September 2002 and the State’s 
motion for continuance in September 2003.
3.  
Appellant’s first attorney withdrew from the case on February 13, 2004, citing 
irreconcilable differences, and the trial court appointed his second attorney on 
February 17, 2004.