SALAS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-280-CR

ALBERT IBBARRA SALAS APPELLANT

A/K/A ALBERT I. SALAS 

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Albert Ibbarra Salas appeals his conviction for aggravated sexual assault of a child under fourteen years of age.  We affirm.

The parties are familiar with the facts, and the applicable law is well settled.

In a sole point, appellant contends that the trial court erred in denying his motion for a continuance to locate and secure the testimony of an out-of-state witness.  We review the trial court’s refusal to grant a continuance under an abuse of discretion standard.  
Wright v. State
, 28 S.W.3d 526, 532 (Tex. Crim. App. 2000), 
cert. denied
, 531 U.S. 1128 (2001); 
Janecka v. State
, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 825 (1997); 
Dotson v. State
, 146 S.W.3d 285, 297 (Tex. App.—Fort Worth 2004, pet. ref’d).

A motion for a continuance based on a missing witness must show, among other things, that the party seeking the continuance exercised due diligence to secure the witness's attendance. 
 Tex. Code Crim. Proc. Ann.
 art. 29.06(2) (Vernon 1989);
 Hughes v. State
, 962 S.W.2d 89, 90 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d).  Diligence, in the motion for continuance context, is the exercise of timely and persistent efforts to secure the attendance of witnesses, using the means and agencies provided by law. 
Edwards v. State
, 
148 Tex. Crim. 104, 106, 185 S.W.2d 111, 112 (1945); 
Tucker v. State
, 109 S.W.3d 517, 520 (Tex. App.—Tyler 1999, pet. ref’d). 
 
It requires timely efforts to procure witnesses as well as timely presentation of a motion for continuance. 
Dewberry v. State
, 4 S.W.3d 735, 756 (Tex. Crim. App. 1999).

The trial court did not abuse its discretion in denying appellant’s motion for continuance because appellant failed to show that he used due diligence to secure Melinda Ferguson’s testimony.  Neither his efforts to procure Ferguson nor his presentation of the motion for continuance was timely. 
 The record shows that appellant first attempted to secure Ferguson’s testimony on June 9, 2004 when his attorney caused a subpoena to issue for her and moved for the appointment of a private investigator.  This did not constitute a timely effort to procure the witness because, at that point, nearly twenty-one months had elapsed since appellant’s indictment,
(footnote: 2) and appellant’s attorney had been representing him for over three months.
(footnote: 3)  
See
 
Norton v. State
, 564 S.W.2d 714, 716-17 (Tex. Crim. App. 1978) (holding that a court may conclude that due diligence has not been used when defense counsel waits until only a few days before trial to seek to secure a witness for trial); 
Hughes, 
962 S.W.2d at  90 (holding that appellant who had two weeks’ notice of trial date but waited until the day of trial to cause a subpoena to issue failed to show due diligence).  Appellant’s attorney’s filing of the motion for continuance on Friday, June 11, 2004 and presentation to the trial court on Tuesday, June 14, the day before the trial began, was also untimely.  
See Kelly v. State
, 471 S.W.2d 65, 66 (Tex. Crim. App. 1971); 
Dewberry
, 4 S.W.3d at 756
.  
These last-ditch efforts to secure Ferguson’s testimony do not constitute the “exercise of timely and persistent efforts to secure the attendance of witnesses, using the means and agencies provided by law.” 
 See Edwards, 
185 S.W.2d at 112; 
Tucker
, 109 S.W.3d at 520. 
 
Accordingly, we overrule appellant’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL A: CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
 July 28, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Appellant was indicted in August 2002.  The trial court granted appellant’s application for continuance in September 2002 and the State’s motion for continuance in September 2003.  

3:
Appellant’s first attorney withdrew from the case on February 13, 2004, citing irreconcilable differences, and the trial court appointed his second attorney on February 17, 2004.