COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-054-CR

 

 

LLOYD TUCKER                                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 211TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Lloyd Tucker
appeals from his conviction and nine-year sentence for felony DWI.  In seven points, he contends that the trial
court abused its discretion by denying his motion for continuance and that he
was deprived of counsel during the time for filing a motion for new trial.  We affirm.








Background Facts

The State
indicted appellant for felony DWI on August 25, 2005.  Trial was passed on September 12, 2005,
October 17, 2005, and November 28, 2005. 
On December 2, 2005, Michael Stephens filed an appearance of counsel for
appellant.  After Stephens, who had been
retained by appellant, entered the appearance, trial was further passed until
January 17, 2006, with a docket call on January 6, 2006. 

On January 17, 2006, the day
trial began, Stephens filed a sworn motion for continuance.  In it, Stephens stated that appellant no
longer wanted Stephens to represent him and instead wanted a different
attorney, Randy Taylor, to represent him. 
More specifically, Stephens claimed that appellant=s mother told him after the January 6 docket call that she and
appellant=s stepfather
were in the process of hiring another attorney to represent appellant.  Stephens was not able to contact them further
until January 12, when appellant=s stepfather told him that they had hired Taylor to represent
appellant.  On January 13, Stephens
telephoned Taylor.  Taylor advised
Stephens that he had been retained to represent appellant; however, Taylor
refused to sign a motion to substitute counsel. 
A motion to substitute counsel was never filed.








Also in the motion for
continuance, Stephens contended that a continuance was necessary to procure the
attendance of a material witness, Keith Claxton.  According to the motion, appellant had used
due diligence to locate Claxton, but he could not be located because 1)
appellant, being incarcerated, did not have access to Claxton=s phone number or address, 2) appellant told Stephens the approximate
location of Claxton=s residence
and that Lisa Powell, appellant=s girlfriend, might be able to find Claxton=s phone number, and 3) Stephens contacted Powell, but she did not know
Claxton=s contact information.  In
addition, Stephens claimed Claxton=s testimony was material because it would show that appellant was not
intoxicated on the night that he was arrested and because Claxton could testify
as to the time appellant arrived and left Claxton=s house that night and as to what, if anything, appellant drank while
at Claxton=s
house.  Although the motion stated that A[t]here is no reasonable expectation that attendance of . . . Claxton
can be secured during the present term of court by a postponement of the trial
to some future day of the present term,@ it did not state an anticipated length of delay.








The trial court heard the
motion right before trial began. 
Although Stephens was present at trial, Steven Lafuente, Aon behalf of the Law Offices of Michael Stephens,@ appeared for appellant and argued the merits of the motion for
continuance and handled the trial.[2]  Lafuente told the trial court that when
Stephens contacted Taylor, Taylor told him that he would not sign a motion to
substitute counsel but that he would have someone from his office appear at
trial to represent appellant. 

Appellant was sworn and
testified that he had hired Taylor to represent him instead of Stephens and
that he wanted Taylor, instead of Stephens, to represent him at trial.  Although appellant verified that he wished a
continuance so that Taylor could represent him, he also testified that he was
not aware of anyone from Taylor=s office being present in the courtroom that day on his behalf.  In addition, no one from Taylor=s office came forward on appellant=s behalf.  The trial court
denied the motion for continuance and trial began.

After the State=s case-in-chief, Lafuente called appellant=s girlfriend as a witness.  When
she finished testifying, Lafuente asked for a recess due to Claxton=s absence.  The trial court
indicated that it did not think appellant had shown enough diligence in
locating Claxton, but it did not expressly rule on the request.  Lafuente then rested. 

The jury convicted appellant
and assessed his punishment at nine years= confinement.








Right to Counsel

In his first
and second points, appellant contends that the trial court abused its
discretion by denying his motion for continuance because it denied him his
choice of counsel under the United States and Texas Constitutions.

The Texas
Rules of Criminal Procedure provide that A[a] criminal action may be continued on the written motion . . . of
the defendant, upon sufficient cause shown.@  Tex. Code Crim. Proc. Ann. art. 29.03 (Vernon 2006).  A trial court=s decision on a motion for continuance is within its discretion, and
we may not reverse it on appeal unless the court abused its discretion.  Janecka v. State, 937 S.W.2d 456, 468
(Tex. Crim. App. 1996), cert. denied, 522 U.S. 825 (1997); Dotson v.
State, 146 S.W.3d 285, 297 (Tex. App.CFort Worth 2004, pet. ref=d).








The Sixth Amendment to the
United States Constitution and article I, section 10 of the Texas Constitution
provide an accused in a criminal prosecution with the right to counsel of his
or her choosing.  U.S. Const. amend. VI; Tex.
Const. art. I, ' 10; Gonzalez
v. State, 117 S.W.3d 831, 836-37 (Tex. Crim. App. 2003).  AThe right to counsel of one=s choice is not absolute, and may under some circumstances be forced
to bow to >the general
interest in the prompt and efficient administration of justice.=@  Rosales v. State, 841
S.W.2d 368, 374 (Tex. Crim. App. 1992) (footnote omitted) (quoting Gandy v.
Alabama, 569 F.2d 1318, 1323 (5th 
Cir. 1978), cert. denied, 510 U.S. 949 (1993)); see Gonzalez,
117 S.W.3d at 837.  In deciding whether
to grant a continuance because of the absence of the defendant=s choice of counsel, the trial court should weigh the following
factors:  (1) the length of delay
requested; (2) whether other continuances were requested and whether they were
denied or granted; (3) the length of time in which the accused=s counsel had to prepare for trial; (4) whether another competent
attorney was prepared to try the case; (5) the balanced convenience or
inconvenience to the witnesses, the opposing counsel, and the trial court; (6)
whether the delay is for legitimate or contrived reasons; (7) whether the case
was complex or simple; (8) whether the denial of the motion resulted in some
identifiable harm to the defendant; and (9) the quality of legal representation
actually provided.  Ex parte Windham,
634 S.W.2d 718, 720 (Tex. Crim. App. 1982); Greene v. State, 124 S.W.3d
789, 794 (Tex. App.CHouston [1st
Dist.] 2003, pet. ref=d).  A reviewing court must not reweigh the
factors, but must instead determine whether the trial court could reasonably
have balanced them and concluded that the fair and efficient administration of
justice weighed more heavily than the defendant=s right to counsel of his choice. 
Greene, 124 S.W.3d at 794.








Here, the motion for
continuance did not specify a length of delay requested.  In addition, it was unclear why Taylor
refused to sign a motion to substitute counsel or why no one from Taylor=s office appeared on the day of trial, so the trial court was faced
with an unknown length of delay.  On the
other hand, there is no indication in the record that the delay was for any
contrived reason; no one disputes that appellant and his family were
dissatisfied with Stephens and wanted to hire a new attorney to replace him.

The record does not show that
appellant had previously requested any continuances.  Stephens first appeared as counsel on
December 2, 2005 and filed numerous motions on appellant=s behalf during that month, so the record shows that he had at least a
month to prepare for trial.  The earliest
Taylor was hired was January 6, and he would have had only a little over a week
to prepare before trial.  LafuenteCwho stated he was from Stephens=s officeCtimely
appeared on appellant=s behalf and
announced ready.  From the record, it
appears that he was familiar with the case, including the particulars of the
motion for continuance, and presented a prepared defense.  There is no indication that Lafuente was
incompetent to try the case, nor has appellant brought an ineffective
assistance claim on appeal.








Other than the fact that the
State announced ready for trial and had its two witnesses present, the record
does not show the relative convenience or inconvenience to the witnesses, the
State, and the trial court involved in continuing the case.  However, we note that the trial judge was a
visiting judge rather than the sitting judge of the court.  

The case was not overly
complex; the State called only two witnesses: 
the officer who stopped appellant and arrested him for DWI and the
officer who assisted with the stop and performed field sobriety tests on
appellant.  Appellant refused a breath
test, so no test results were at issue.

Finally, the record does not
show that appellant was harmed by the denial of the motion.  Stephens, who had represented appellant for
over a month, was present, and Lafuente cross-examined the State=s witnesses, presented his own witnesses at guilt-innocence and
punishment, crafted a plausible defense theory in which he questioned the poor
quality of the videotape and alleged mistakes by the officer who stopped
appellant, and made an adequate, if not successful, closing argument to the
jury.

Although some of the Windham
factors weigh in favor of granting the continuance, others support the trial
court=s decision.  We conclude that
the trial court, after balancing them, could reasonably have concluded that the
fair and efficient administration of justice weighed more heavily than
appellant=s right to
counsel of his choice.  Accordingly, we
hold that the trial court did not abuse its discretion by denying appellant=s motion for continuance on right to counsel grounds.








In addition to complaining
about the denial of the right to be represented by Taylor, appellant also
complains about Lafuente representing him at trial because there is no evidence
that appellant had ever hired Lafuente, nor that he had ever hired Stephens and
Lafuente jointly.  The record shows only
that appellant had hired Stephens and then Taylor to represent him.  But appellant never objected to Lafuente=s representing him at trial; there are no objections, pleadings, or
other evidence showing that appellant challenged Lafuente=s representation of him at trial. 
See McGee v. State, 124 S.W.3d 253, 257 (Tex. App.CFort Worth 2003, pets. ref=d).  Therefore, appellant has
forfeited any complaint about Lafuente representing him at trial.  See id.

We overrule appellant=s first and second points.

Material Witness

In his third through sixth
points, appellant contends that the trial court abused its discretion by
denying his pretrial motion for continuance, and his renewed motion for
continuance at trial, for the purpose of attempting to secure a material
witness, thereby denying him due process under the United States and Texas
Constitutions.  The State responds that
appellant failed to show due diligence in procuring the attendance of the
witness and that the witness=s proposed testimony was immaterial.








Article 29.06 of the code of
criminal procedure provides that a first motion for continuance alleging the
absence of a witness must show, among other things, A[t]he diligence which has been used to procure [the witness=s] attendance@ and A[t]he facts which are expected to be proved by the witness,@ which must be material.  Tex. Code Crim. Proc. Ann. art.
29.06(2), (3); Harrison v. State, 187 S.W.3d 429, 434 (Tex. Crim. App.
2005).  Diligence, in the motion for
continuance context, is the exercise of timely and persistent efforts to secure
the attendance of witnesses, using the means and agencies provided by law.  Edwards v. State, 148 Tex. Crim. 104,
185 S.W.2d 111, 112 (1945); Tucker v. State, 109 S.W.3d 517, 520 (Tex.
App.CTyler 1999, pet. ref=d).  If defense counsel waits
until only a few days before trial to seek to secure a witness for trial, the
court may conclude that due diligence has not been used.  Norton v. State, 564 S.W.2d 714, 716‑17
(Tex. Crim. App. 1978); Tucker, 109 S.W.3d at 520.








To be successful on his or
her motion, the defendant=s attorney
should also demonstrate the likelihood that the witness will be found within a
reasonable amount of time.  Salinas v.
State, 542 S.W.2d 864, 866 (Tex. Crim. App. 1976); Tucker, 109
S.W.3d at 520.  When it appears that the
witness may be absent indefinitely, the trial court does not abuse its
discretion by denying the continuance.  Salinas,
542 S.W.2d at 866; Tucker, 109 S.W.3d at 520.

Here, the motion for
continuance was not filed until the day of trial.  Although the motion alleged that due
diligence had been used to locate Claxton, the missing witness, the only
specific example listed was that on appellant=s advice, counsel asked appellant=s girlfriend if she knew how to contact Claxton.  The motion does not show that appellant or
counsel made any other effort to locate Claxton.  Accordingly, the trial court could have
reasonably determined that appellant did not demonstrate due diligence in
attempting to locate Claxton.  See
Cabello v. State, 655 S.W.2d 293, 297 (Tex. App.CCorpus Christi 1983, no pet.).  Moreover, the motion did not demonstrate a
likelihood that Claxton would be found within a reasonable amount of time.  Therefore, we conclude and hold that the
trial court did not abuse its discretion by denying appellant=s pretrial motion for continuance.

Lafuente re-urged appellant=s request for a continuance after appellant=s girlfriend testified on appellant=s behalf.  The colloquy between
Lafuente and the trial court is as follows:








[LAFUENTE]: 
We have actually been able to make contact with the friend, the friend
at whose house he went to.  We did not
have a number for him until about lunch time today.  He=s working.  He says he has the day off tomorrow.  I mean, I guess at this time we would
respectfully request a recess.  We can
have him and reopen testimony tomorrow with . . . I think his name is Keith
Claxton.  We=ve
been trying to get ahold of him since I=ve been on this case.  We just did not have a proper working number
for him, and we finally tracked him down. 
He=s
actually moved to Dallas.  And I did talk
to him on the telephone, and he=s unable to come this
afternoon.  But he said he does have the
day off tomorrow.

 

. . .
.

 

THE COURT: 
If I were representing [appellant], I would have had him here, but I don=t
think you have shown me the diligence that you need to.

 

[LAFUENTE]:  I understand. 
That=s fine, Your
Honor.  We will proceed.

It is unclear whether the
trial court actually ruled on appellant=s renewed motion for continuance. 
To the extent that the trial court=s response can be construed as a failure to rule, appellant=s complaints about the renewed motion for continuance are
forfeited.  See Heidelberg v. State,
112 S.W.3d 658, 664 (Tex. App.CHouston [1st Dist.] 2003) (op. on reh=g), aff=d, 144 S.W.3d 535 (Tex. Crim. App.
2004).  Even if the trial court=s response to Lafuente could be construed as a denial of appellant=s renewed motion for continuance, as we explained above, the trial
court was within its discretion to conclude that appellant had failed to show
diligence in locating the witness and securing his presence at trial.

Accordingly, we overrule
appellant=s third
through sixth points.








Denial
of Right to Counsel at Critical Stage of Proceedings

In his
seventh point, appellant claims that he was denied his right to counsel during
a critical stage of the proceedings against him, the thirty-day period for
filing a motion for new trial.

The trial court sentenced
appellant on January 19, 2006.  The
deadline for filing a motion for new trial would therefore have been February
20, 2006.  See Tex. R. App. P. 4.1(a), 21.4.  Stephens filed a motion to withdraw as
counsel that states it was sent to the court coordinator on February 3, 2006;
however, the motion was not filed until February 24, 2006.  The motion also states that appellant desired
new counsel and that he had sent a petition to the court asking for appointed
counsel on appeal.  The trial court
granted the motion to withdraw on February 9, 2006 and appointed Dawn Moore as
counsel the same day.  However, Moore
contends she was not made aware of the appointment until February 22, 2006, and
the State does not dispute this fact.








Appellant claims that he was
not represented during the time for filing a motion for new trial because
Stephens had filed a motion to withdraw. 
A defendant is entitled to counsel during the period for filing a motion
for new trial.  Funk v. State, 188
S.W.3d 229, 231 (Tex. App.CFort Worth 2006, no pet.). 
Trial counsel, whether retained or appointed, has the duty to consult
with and fully to advise his client concerning the meaning and effect of the
trial court=s judgment,
the right to appeal from that judgment, and the necessity of giving notice of
appeal and taking other steps to pursue an appeal, as well as the duty to
express his professional judgment as to possible grounds for appeal and their
merit, and delineate the advantages and disadvantages of appeal.  Oldham v. State, 977 S.W.2d 354, 360‑61
(Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 525 U.S. 1181 (1999); Funk, 188 S.W.3d
at 231.  Accordingly, when trial counsel
does not withdraw and is not replaced by new counsel after sentencing, a
rebuttable presumption exists that trial counsel continued to represent the
defendant during the time for filing a motion for new trial.  Smith v. State, 17 S.W.3d 660, 662
(Tex. Crim. App. 2000); Oldham, 977 S.W.2d at 363; Funk, 188
S.W.3d at 231-32.








Here, the record shows that
Stephens remained as appellant=s attorney of record until February 9, i.e., for twenty-one days of
the thirty-day period for filing a motion for new trial.  The trial court=s order granting Stephens=s motion to withdraw instructs Stephens to Aimmediately provide written notification to [appellant] of any additional
settings or deadlines now known to . . . Stephens, of which [appellant] has not
already been notified.@  Although such a notice is not in the record,
nothing in the record indicates that Stephens failed to send such a notice to
appellant, and appellant does not claim that Stephens failed to inform him of
his right to file a motion for new trial. 
See Oldham, 977 S.W.2d at 363. 
Accordingly, appellant has failed to rebut the presumption that counsel
represented him effectively during the twenty-one day period following his
sentencing and that he considered but rejected filing a motion for new
trial.  See id. at 361; see
also Medrano v. State, No. 14-05-00321-CR, 2006 WL 1642198, at *2-3 (Tex.
App.CHouston [14th Dist.] June 15, 2006, no pet.) (not designated for
publication) (holding that appellant, who was presumptively represented by
counsel for twenty-one days after sentencing, failed to rebut presumption that
he was adequately counseled on motion for new trial).  We overrule appellant=s seventh point.

Conclusion

Having overruled all of
appellant=s points, we
affirm the trial court=s judgment.

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL F:    LIVINGSTON, WALKER, and MCCOY, JJ.

 

MCCOY,
J. concurs without opinion.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
February 8, 2007











[1]See Tex. R. App. P. 47.4.





[2]Both
Lafuente and the State argued only the choice of counsel grounds; no mention
was made of the missing witness Claxton.