FUNK V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-04-568-CR

        
2-04-569-CR

LYNN LEWIS FUNK APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

OPINION AND ABATEMENT ORDER

------------

Lynn Lewis Funk appeals his sentences for sexual assault of a child and indecency with a child.  In nine points, appellant complains that he was denied his constitutional right to counsel during the thirty-day period for filing a motion for new trial, that trial counsel was ineffective for failing to file any appellate motions, including a motion for new trial, and that the trial court improperly excluded evidence of the child victim’s prior sexual experience.  We abate the appeals and remand the causes to the trial court so that appellant may file an out-of-time motion for new trial.

Appellant entered open pleas of guilty to all the charged offenses.  The jury assessed appellant’s punishment for each offense at ten years’ imprisonment and a $10,000 fine.

In his first and second points, appellant asserts that he was denied his state and federal constitutional rights to counsel during a critical stage of the proceedings against him—the thirty-day period for filing, presenting, and obtaining a hearing on a motion for new trial.
(footnote: 1) 

The court of criminal appeals has held that a criminal defendant is entitled to counsel at a hearing on a motion for new trial because such a hearing is a critical stage of the proceedings against him.
(footnote: 2)  The court of criminal appeals has  not addressed whether a criminal defendant is entitled to counsel during the time for filing a motion for new trial to assist the defendant in preparing the motion.
(footnote: 3)  Several courts of appeals have, however, held that a defendant is entitled to counsel during this stage.
(footnote: 4)  Today, we join our sister courts and hold that a defendant is entitled to counsel during the thirty-day period for preparing and filing a motion for new trial.
(footnote: 5)  Therefore, we hold that appellant was entitled to counsel during the time for filing a motion for new trial in this case.

Trial counsel’s duties do not “magically and automatically terminate at the conclusion of the trial.”
(footnote: 6)
 [R]etained counsel, even one who has not been fully compensated for past services or compensated for further service, cannot wait until a critical stage of the proceedings is reached and bow out without notice to the court and the accused and “frustrate forever accused’s right to protect his vital interests.”
(footnote: 7)

Instead, trial counsel, whether retained or appointed, has the duty to consult with and fully to advise his client concerning the meaning and effect of the trial court’s judgment, the right to appeal from that judgment, and the necessity of giving notice of appeal and taking other steps to pursue an appeal, as well as expressing his professional judgment as to possible grounds for appeal and their merit, and delineating the advantages and disadvantages of appeal.
(footnote: 8)  Accordingly, 
when trial counsel does not withdraw and is not replaced by new counsel after sentencing, a presumption exists that trial counsel continued to represent the defendant during the time for filing a motion for new trial.
(footnote: 9)
 In this case, appellant was represented by retained counsel through sentencing on November 10, 2004, and trial counsel did not withdraw and was not replaced by new counsel until January 19, 2005, well after the deadline for filing a motion for new trial had passed.
(footnote: 10)  Therefore, a rebuttable presumption exists that trial counsel continued to represent appellant during the period for filing a motion for new trial.  Appellant contends, however, that the record rebuts this presumption.  We agree.

As appellant points out, no motion for new trial was filed in either of the underlying proceedings.  The State acknowledges that filing a motion for new trial “is primarily part of an attorney’s trial representation,” but contends that the record here supports a presumption that trial counsel counseled appellant regarding the filing of a new trial motion and appellant decided against it.  Trial counsel’s motion to withdraw, however, states in pertinent part as follows:

Defendant had entered into a written agreement with Movant [trial counsel] to provide legal representation to the Defendant . . . through final verdict only.  Pursuant to this written agreement with the Defendant, Defendant was initially fully aware that Movant’s representation would not include any appellate work.

. . . .

Movant’s practice is devoted exclusively to State Criminal matters excluding, appeals.  The capacity of Movant’s practice does not afford him the time nor opportunity to represent defendants in appellate matters. 

This language indicates that, despite his legal duties to appellant, trial counsel did not provide appellant any representation after sentencing—including regarding a motion for new trial—because his written agreement with appellant did not provide for it.  In addition, appellant filed pro se notices of appeal on December 4, 2004 and a pro se request for court-appointed appellate counsel on December 30, 2004.  Although the filing of a pro se notice of appeal or a request for counsel will not, alone, rebut the presumption of representation by counsel during the new trial period,
(footnote: 11) we hold that, under the circumstances of this case, those filings are evidence that appellant was not represented by counsel.  Therefore, we hold that appellant has rebutted the presumption that he was represented by counsel during the time for filing a motion for new trial.
(footnote: 12)  We sustain appellant’s first and second points.

The court of criminal appeals has held that the proper remedy when a defendant is denied counsel at a 
hearing
 on a motion for new trial is to allow an out-of-time hearing on the motion at which the appellant may be represented by counsel.
(footnote: 13)  Several courts of appeals have abated to allow for out-of-time proceedings following deprivations of counsel at the new trial stage,
(footnote: 14) and we agree that abatement is the appropriate remedy in this case.
(footnote: 15)
 For these reasons, we abate the appeals and remand the causes to the trial court so that appellant, who is now represented by court-appointed counsel, may file an out-of-time motion for new trial.
(footnote: 16)  Appellant shall have thirty days from the date of this order to file the motion, and the trial court shall file a supplemental record in this court within thirty days after the motion is disposed of.  Upon our receipt of the supplemental record, these appeals shall be reinstated automatically without further order.

If the trial court grants the motion for new trial, the trial court shall file a supplemental clerk’s record with copies of the motion and the order granting it, and the appeals shall be dismissed.
(footnote: 17)  If the trial court overrules the motion for new trial, the court shall file a supplemental clerk’s record and, if a hearing is held on the motion, a supplemental reporter’s record.  At that time, we will make appropriate orders regarding additional briefing.

The clerk of this court shall transmit a copy of this order to the appellant, attorneys of record, the trial judge, the trial clerk, and the court reporter.  

JOHN CAYCE

CHIEF JUSTICE

PANEL F: CAYCE, C.J.; GARDNER and WALKER, JJ.

PUBLISH

DELIVERED:  January 5, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 21.4(a).

2:
Oldham v. State,
 977 S.W.2d 354, 360-61 (Tex. Crim. App. 1998), 
cert. denied,
 525 U.S. 1181 (1999); 
Trevino v. State,
 565 S.W.2d 938, 941 (Tex. Crim. App. 1978).

3:
See Smith v. State,
 17 S.W.3d 660, 663 (Tex. Crim. App. 2000); 
Oldham,
 977 S.W.2d at 360-61 (both refusing to decide issue).

4:
See, e.g., Champion v. State,
 82 S.W.3d 79, 83 (Tex. App.—Amarillo 2002, pet. ref’d); 
Prudhomme v. State,
 28 S.W.3d 114, 119 (Tex. App.—Texarkana 2000, no pet.); 
Hanson v. State,
 11 S.W.3d 285, 288 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d); 
Massingill v. State,
 8 S.W.3d 733, 736-37 (Tex. App.—Austin 1999, no pet.); 
Burnett v. State,
 959 S.W.2d 652, 656 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d).

5:
See Green v. State,
 872 S.W.2d 717, 720 (Tex. Crim. App. 1994) (holding that determination of whether particular time period is critical stage turns on assessment of whether “the accused required aid in coping with legal problems or assistance in meeting his adversary”) (quoting 
United States v. Ash,
 413 U.S. 300, 313, 93 S. Ct. 2568, 2575 (1973)).

6:
Ward v. State,
 740 S.W.2d 794, 796 (Tex. Crim. App. 1987).

7:
Oldham,
 977 S.W.2d at 362 (quoting 
Steel v. State,
 453 S.W.2d 486, 497 (Tex. Crim. App. 1970)).

8:
Oldham,
 977 S.W.2d at 362; 
Ex parte Axel,
 757 S.W.2d 369, 374 (Tex. Crim. App. 1988).

9:
Smith,
 17 S.W.3d at 662; 
Oldham,
 977 S.W.2d at 363.

10:
The trial court granted trial counsel’s motion to withdraw on January 19, 2005, although the motion was not filed until January 20. 

11:
See Smith,
 17 S.W.3d at 662-63; 
Oldham,
 977 S.W.2d at 363; 
Smith v. State,
 Nos. 2-03-00080-CR, 2-03-00081-CR, 2004 WL 595069, at *3 (Tex. App.—Fort Worth Mar. 25, 2004, pet. ref’d); 
Kane v. State,
 80 S.W.3d 693, 695 (Tex. App.—Fort Worth 2002, pet. ref’d).

12:
See Oldham,
 977 S.W.2d at 361 (placing burden of establishing lack of counsel on appellant).

13:
Trevino,
 565 S.W.2d at 941; 
see also Johnson v. State,
 169 S.W.3d 223, 232 (Tex. Crim. App. 2005) (holding that harmless beyond a reasonable doubt standard of review is inappropriate for errors flowing solely from defense counsel), 
pet. for cert. filed,
 __ U.S.L.W. __ (U.S. Nov. 29, 2005) (No. 05-7883).

14:
See, e.g., Prudhomme,
 28 S.W.3d at 121; 
Massingill,
 8 S.W.3d at 738; 
see also
 
Tex. R. App. P.
 44.4 (providing that, when trial court error prevents proper presentation of case on appeal but can be remedied, court of appeals must not affirm or reverse trial court’s judgment, but must require correction of error and then proceed as if same had not occurred).

15:
See United States v. Morrison,
 449 U.S. 361, 364, 101 S. Ct. 665, 667-68 (1981) (holding that Sixth Amendment violations are subject to general rule that remedies should be tailored to injury suffered from constitutional violation); 
Garcia v. State,
 97 S.W.3d 343, 349 (Tex. App.—Austin 2003, no pet.) (applying this rule to violations of right to counsel under Texas Constitution); 
see also
 
Ex parte Crow,
 No. AP-75176, 2005 WL 3117216, at *1-2 (Tex. Crim. App. Nov. 23, 2005) (granting habeas applicant leave to file out-of-time PDR when appellate counsel’s ineffective assistance deprived applicant of right to file timely PDR).

16:
In light of our disposition of appellant’s first and second points, we need not consider his remaining complaints at this time.  
See
 
Tex. R. App. P.
 47.1.

17:
See
 
Tex. R. App. P.
 21.9.