TUCKER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-054-CR

LLOYD TUCKER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Lloyd Tucker appeals from his conviction and nine-year sentence for felony DWI.  In seven points, he contends that the trial court abused its discretion by denying his motion for continuance and that he was deprived of counsel during the time for filing a motion for new trial.  We affirm.

Background Facts

The State indicted appellant for felony DWI on August 25, 2005.  Trial was passed on September 12, 2005, October 17, 2005, and November 28, 2005.  On December 2, 2005, Michael Stephens filed an appearance of counsel for appellant.  After Stephens, who had been retained by appellant, entered the appearance, trial was further passed until January 17, 2006, with a docket call on January 6, 2006. 

On January 17, 2006, the day trial began, Stephens filed a sworn motion for continuance.  In it, Stephens stated that appellant no longer wanted Stephens to represent him and instead wanted a different attorney, Randy Taylor, to represent him.  More specifically, Stephens claimed that appellant’s mother told him after the January 6 docket call that she and appellant’s stepfather were in the process of hiring another attorney to represent appellant.  Stephens was not able to contact them further until January 12, when appellant’s stepfather told him that they had hired Taylor to represent appellant.  On January 13, Stephens telephoned Taylor.  Taylor advised Stephens that he had been retained to represent appellant; however, Taylor refused to sign a motion to substitute counsel.  A motion to substitute counsel was never filed.

Also in the motion for continuance, Stephens contended that a continuance was necessary to procure the attendance of a material witness, Keith Claxton.  According to the motion, appellant had used due diligence to locate Claxton, but he could not be located because 1) appellant, being incarcerated, did not have access to Claxton’s phone number or address, 2) appellant told Stephens the approximate location of Claxton’s residence and that Lisa Powell, appellant’s girlfriend, might be able to find Claxton’s phone number, and 3) Stephens contacted Powell, but she did not know Claxton’s contact information.  In addition, Stephens claimed Claxton’s testimony was material because it would show that appellant was not intoxicated on the night that he was arrested and because Claxton could testify as to the time appellant arrived and left Claxton’s house that night and as to what, if anything, appellant drank while at Claxton’s house.  Although the motion stated that “[t]here is no reasonable expectation that attendance of . . . Claxton can be secured during the present term of court by a postponement of the trial to some future day of the present term,” it did not state an anticipated length of delay.

The trial court heard the motion right before trial began.  Although Stephens was present at trial, Steven Lafuente, “on behalf of the Law Offices of Michael Stephens,” appeared for appellant and argued the merits of the motion for continuance and handled the trial.
(footnote: 2)  Lafuente told the trial court that when Stephens contacted Taylor, Taylor told him that he would not sign a motion to substitute counsel but that he would have someone from his office appear at trial to represent appellant. 

Appellant was sworn and testified that he had hired Taylor to represent him instead of Stephens and that he wanted Taylor, instead of Stephens, to represent him at trial.  Although appellant verified that he wished a continuance so that Taylor could represent him, he also testified that he was not aware of anyone from Taylor’s office being present in the courtroom that day on his behalf.  In addition, no one from Taylor’s office came forward on appellant’s behalf.  The trial court denied the motion for continuance and trial began.

After the State’s case-in-chief, Lafuente called appellant’s girlfriend as a witness.  When she finished testifying, Lafuente asked for a recess due to Claxton’s absence.  The trial court indicated that it did not think appellant had shown enough diligence in locating Claxton, but it did not expressly rule on the request.  Lafuente then rested. 

The jury convicted appellant and assessed his punishment at nine years’ confinement.

Right to Counsel

In his first and second points, appellant contends that the trial court abused its discretion by denying his motion for continuance because it denied him his choice of counsel under the United States and Texas Constitutions.

The Texas Rules of Criminal Procedure provide that “[a] criminal action may be continued on the written motion . . . of the defendant, upon sufficient cause shown.”  
Tex. Code Crim. Proc. Ann.
 art. 29.03 (Vernon 2006).  A trial court’s decision on a motion for continuance is within its discretion, and we may not reverse it on appeal unless the court abused its discretion.  
Janecka v. State
, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 825 (1997); 
Dotson v. State
, 146 S.W.3d 285, 297 (Tex. App.—Fort Worth 2004, pet. ref’d).

The Sixth Amendment to the United States Constitution and article I, section 10 of the Texas Constitution provide an accused in a criminal prosecution with the right to counsel of his or her choosing.  
U.S. Const
. amend. VI; 
Tex. Const.
 art. I, § 10; 
Gonzalez v. State
, 117 S.W.3d 831, 836-37 (Tex. Crim. App. 2003).  “The right to counsel of one’s choice is not absolute, and may under some circumstances be forced to bow to ‘the general interest in the prompt and efficient administration of justice.’”  
Rosales v. State
, 841 S.W.2d 368, 374 (Tex. Crim. App. 1992) (footnote omitted) (quoting 
Gandy v. Alabama
, 569 F.2d 1318, 1323 (5th  Cir. 1978), 
cert. denied
, 510 U.S. 949 (1993)); 
see Gonzalez
, 117 S.W.3d at 837.  In deciding whether to grant a continuance because of the absence of the defendant’s choice of counsel, the trial court should weigh the following factors:  (1) the length of delay requested; (2) whether other continuances were requested and whether they were denied or granted; (3) the length of time in which the accused’s counsel had to prepare for trial; (4) whether another competent attorney was prepared to try the case; (5) the balanced convenience or inconvenience to the witnesses, the opposing counsel, and the trial court; (6) whether the delay is for legitimate or contrived reasons; (7) whether the case was complex or simple; (8) whether the denial of the motion resulted in some identifiable harm to the defendant; and (9) the quality of legal representation actually provided.  
Ex parte Windham
, 634 S.W.2d 718, 720 (Tex. Crim. App. 1982); 
Greene v. State
, 124 S.W.3d 789, 794 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d).  A reviewing court must not reweigh the factors, but must instead determine whether the trial court could reasonably have balanced them and concluded that the fair and efficient administration of justice weighed more heavily than the defendant’s right to counsel of his choice.  
Greene
, 124 S.W.3d at 794.

Here, the motion for continuance did not specify a length of delay requested.  In addition, it was unclear why Taylor refused to sign a motion to substitute counsel or why no one from Taylor’s office appeared on the day of trial, so the trial court was faced with an unknown length of delay.  On the other hand, there is no indication in the record that the delay was for any contrived reason; no one disputes that appellant and his family were dissatisfied with Stephens and wanted to hire a new attorney to replace him.

The record does not show that appellant had previously requested any continuances.  Stephens first appeared as counsel on December 2, 2005 and filed numerous motions on appellant’s behalf during that month, so the record shows that he had at least a month to prepare for trial.  The earliest Taylor was hired was January 6, and he would have had only a little over a week to prepare before trial.  Lafuente—who stated he was from Stephens’s office—timely appeared on appellant’s behalf and announced ready.  From the record, it appears that he was familiar with the case, including the particulars of the motion for continuance, and presented a prepared defense.  There is no indication that Lafuente was incompetent to try the case, nor has appellant brought an ineffective assistance claim on appeal.

Other than the fact that the State announced ready for trial and had its two witnesses present, the record does not show the relative convenience or inconvenience to the witnesses, the State, and the trial court involved in continuing the case.  However, we note that the trial judge was a visiting judge rather than the sitting judge of the court.  

The case was not overly complex; the State called only two witnesses:  the officer who stopped appellant and arrested him for DWI and the officer who assisted with the stop and performed field sobriety tests on appellant.  Appellant refused a breath test, so no test results were at issue.

Finally, the record does not show that appellant was harmed by the denial of the motion.  Stephens, who had represented appellant for over a month, was present, and Lafuente cross-examined the State’s witnesses, presented his own witnesses at guilt-innocence and punishment, crafted a plausible defense theory in which he questioned the poor quality of the videotape and alleged mistakes by the officer who stopped appellant, and made an adequate, if not successful, closing argument to the jury.

Although some of the 
Windham
 factors weigh in favor of granting the continuance, others support the trial court’s decision.  We conclude that the trial court, after balancing them, could reasonably have concluded that the fair and efficient administration of justice weighed more heavily than appellant’s right to counsel of his choice.  Accordingly, we hold that the trial court did not abuse its discretion by denying appellant’s motion for continuance on right to counsel grounds.

In addition to complaining about the denial of the right to be represented by Taylor, appellant also complains about Lafuente representing him at trial because there is no evidence that appellant had ever hired Lafuente, nor that he had ever hired Stephens and Lafuente jointly.  The record shows only that appellant had hired Stephens and then Taylor to represent him.  But appellant never objected to Lafuente’s representing him at trial; there are no objections, pleadings, or other evidence showing that appellant challenged Lafuente’s representation of him at trial.  
See McGee v. State
, 124 S.W.3d 253, 257 (Tex. App.—Fort Worth 2003, pets. ref’d).  Therefore, appellant has forfeited any complaint about Lafuente representing him at trial.  
See id
.

We overrule appellant’s first and second points.

Material Witness

In his third through sixth points, appellant contends that the trial court abused its discretion by denying his pretrial motion for continuance, and his renewed motion for continuance at trial, for the purpose of attempting to secure a material witness, thereby denying him due process under the United States and Texas Constitutions.  The State responds that appellant failed to show due diligence in procuring the attendance of the witness and that the witness’s proposed testimony was immaterial.

Article 29.06 of the code of criminal procedure provides that a first motion for continuance alleging the absence of a witness must show, among other things, “[t]he diligence which has been used to procure [the witness’s] attendance” and “[t]he facts which are expected to be proved by the witness,” which must be material.  
Tex. Code Crim. Proc. Ann.
 art. 29.06(2), (3); 
Harrison v. State
, 187 S.W.3d 429, 434 (Tex. Crim. App. 2005).  Diligence, in the motion for continuance context, is the exercise of timely and persistent efforts to secure the attendance of witnesses, using the means and agencies provided by law.  
Edwards v. State
, 148 Tex. Crim. 104, 185 S.W.2d 111, 112 (1945); 
Tucker v. State
, 109 S.W.3d 517, 520 (Tex. App.—Tyler 1999, pet. ref’d).  If defense counsel waits until only a few days before trial to seek to secure a witness for trial, the court may conclude that due diligence has not been used.  
Norton v. State
, 564 S.W.2d 714, 716-17 (Tex. Crim. App. 1978); 
Tucker
, 109 S.W.3d at 520.

To be successful on his or her motion, the defendant’s attorney should also demonstrate the likelihood that the witness will be found within a reasonable amount of time.  
Salinas v. State
, 542 S.W.2d 864, 866 (Tex. Crim. App. 1976); 
Tucker
, 109 S.W.3d at 520.  When it appears that the witness may be absent indefinitely, the trial court does not abuse its discretion by denying the continuance.  
Salinas
, 542 S.W.2d at 866; 
Tucker
, 109 S.W.3d at 520.

Here, the motion for continuance was not filed until the day of trial.  Although the motion alleged that due diligence had been used to locate Claxton, the missing witness, the only specific example listed was that on appellant’s advice, counsel asked appellant’s girlfriend if she knew how to contact Claxton.  The motion does not show that appellant or counsel made any other effort to locate Claxton.  Accordingly, the trial court could have reasonably determined that appellant did not demonstrate due diligence in attempting to locate Claxton.  
See Cabello v. State
, 655 S.W.2d 293, 297 (Tex. App.—Corpus Christi 1983, no pet.).  Moreover, the motion did not demonstrate a likelihood that Claxton would be found within a reasonable amount of time.  Therefore, we conclude and hold that the trial court did not abuse its discretion by denying appellant’s pretrial motion for continuance.

Lafuente re-urged appellant’s request for a continuance after appellant’s girlfriend testified on appellant’s behalf.  The colloquy between Lafuente and the trial court is as follows:

[LAFUENTE]:  We have actually been able to make contact with the friend, the friend at whose house he went to.  We did not have a number for him until about lunch time today.  He’s working.  He says he has the day off tomorrow.  I mean, I guess at this time we would respectfully request a recess.  We can have him and reopen testimony tomorrow with . . . I think his name is Keith Claxton.  We’ve been trying to get ahold of him since I’ve been on this case.  We just did not have a proper working number for him, and we finally tracked him down.  He’s actually moved to Dallas.  And I did talk to him on the telephone, and he’s unable to come this afternoon.  But he said he does have the day off tomorrow.

. . . .

THE COURT:  If I were representing [appellant], I would have had him here, but I don’t think you have shown me the diligence that you need to.

[LAFUENTE]:  I understand.  That’s fine, Your Honor.  We will proceed.

It is unclear whether the trial court actually ruled on appellant’s renewed motion for continuance.  To the extent that the trial court’s response can be construed as a failure to rule, appellant’s complaints about the renewed motion for continuance are forfeited.  
See Heidelberg v. State
, 112 S.W.3d 658, 664 (Tex. App.—Houston [1st Dist.] 2003) (op. on reh’g), 
aff’d
, 144 S.W.3d 535 (Tex. Crim. App. 2004).  Even if the trial court’s response to Lafuente could be construed as a denial of appellant’s renewed motion for continuance, as we explained above, the trial court was within its discretion to conclude that appellant had failed to show diligence in locating the witness and securing his presence at trial.

Accordingly, we overrule appellant’s third through sixth points.

Denial of Right to Counsel at Critical Stage of Proceedings

In his seventh point, appellant claims that he was denied his right to counsel during a critical stage of the proceedings against him, the thirty-day period for filing a motion for new trial.

The trial court sentenced appellant on January 19, 2006.  The deadline for filing a motion for new trial would therefore have been February 20, 2006.  
See
 
Tex. R. App. P.
 4.1(a), 21.4.  Stephens filed a motion to withdraw as counsel that states it was sent to the court coordinator on February 3, 2006; however, the motion was not filed until February 24, 2006.  The motion also states that appellant desired new counsel and that he had sent a petition to the court asking for appointed counsel on appeal.  The trial court granted the motion to withdraw on February 9, 2006 and appointed Dawn Moore as counsel the same day.  However, Moore contends she was not made aware of the appointment until February 22, 2006, and the State does not dispute this fact.

Appellant claims that he was not represented during the time for filing a motion for new trial because Stephens had filed a motion to withdraw.  A defendant is entitled to counsel during the period for filing a motion for new trial.  
Funk v. State
, 188 S.W.3d 229, 231 (Tex. App.—Fort Worth 2006, no pet.).  Trial counsel, whether retained or appointed, has the duty to consult with and fully to advise his client concerning the meaning and effect of the trial court’s judgment, the right to appeal from that judgment, and the necessity of giving notice of appeal and taking other steps to pursue an appeal, as well as the duty to express his professional judgment as to possible grounds for appeal and their merit, and delineate the advantages and disadvantages of appeal.  
Oldham v. State
, 977 S.W.2d 354, 360-61 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 525 U.S. 1181 (1999); 
Funk
, 188 S.W.3d at 231.  Accordingly, when trial counsel does not withdraw and is not replaced by new counsel after sentencing, a rebuttable presumption exists that trial counsel continued to represent the defendant during the time for filing a motion for new trial.  
Smith v. State
, 17 S.W.3d 660, 662 (Tex. Crim. App. 2000); 
Oldham
, 977 S.W.2d at 363; 
Funk
, 188 S.W.3d at 231-32.

Here, the record shows that Stephens remained as appellant’s attorney of record until February 9, i.e., for twenty-one days of the thirty-day period for filing a motion for new trial.  The trial court’s order granting Stephens’s motion to withdraw instructs Stephens to “immediately provide written notification to [appellant] of any additional settings or deadlines now known to . . . Stephens, of which [appellant] has not already been notified.”  Although such a notice is not in the record, nothing in the record indicates that Stephens failed to send such a notice to appellant, and appellant does not claim that Stephens failed to inform him of his right to file a motion for new trial.  
See Oldham
, 977 S.W.2d at 363.  Accordingly, appellant has failed to rebut the presumption that counsel represented him effectively during the twenty-one day period following his sentencing and that he considered but rejected filing a motion for new trial.  
See id
. at 361; 
see also Medrano v. State
, No. 14-05-00321-CR, 2006 WL 1642198, at *2-3 (Tex. App.—Houston [14th Dist.] June 15, 2006, no pet.) (not designated for publication) (holding that appellant, who was presumptively represented by counsel for twenty-one days after sentencing, failed to rebut presumption that he was adequately counseled on motion for new trial).  We overrule appellant’s seventh point.

Conclusion

Having overruled all of appellant’s points, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL F: LIVINGSTON, WALKER, and MCCOY, JJ.

MCCOY, J. concurs without opinion.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: February 8, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Both Lafuente and the State argued only the choice of counsel grounds; no mention was made of the missing witness Claxton.