**Daniel Keith McBRIDE, Appellant**

v.

**The STATE of Texas, State.**

No. 2–07–148–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 28, 2008.

From the 43rd District Court of Parker County.

Tommy C. Wise, for Daniel Keith McBride.

Don Schnebly, for The State of Texas.

Panel F: DAUPHINOT, HOLMAN, and GARDNER, JJ.

## OPINION

ANNE GARDNER, Justice.

### I. Introduction

In July of 2004, Appellant Daniel Keith McBride was placed on deferred adjudication community supervision for the offense of indecency with a child. In March of 2007, Appellant pleaded "true" to the allegations of failing to register as a sex offender and other violations of the conditions of his community supervision. The trial court adjudicated Appellant guilty and sentenced him to fifteen years' incarceration.

In a single point, Appellant complains that he was denied his constitutional right to counsel during the thirty-day period for filing a motion for new trial. We affirm.

### II. Discussion

In his sole issue, Appellant asserts that he was denied his state and federal constitutional rights to counsel during a critical stage of the proceedings against him-the thirty-day period for filing, presenting, and obtaining a hearing on a motion for new trial. We disagree.

■■■■ As a matter of federal constitutional law, the period for filing a motion for new trial is a "critical stage" of the proceedings, and a defendant is entitled to counsel during that period. *Cooks v. State*, 240 S.W.3d 906, 911 (Tex.Crim.App. 2007). Trial counsel, whether retained or appointed, has the duty to consult with and fully advise his client concerning the meaning and effect of the trial court's judgment, the right to appeal from that judgment, and the necessity of giving notice of appeal and taking other steps to pursue an appeal, as well as the duty to express his professional judgment as to possible grounds for appeal and their merit, and delineate the advantages and disadvantages of appeal. *Oldham v. State*, 977 S.W.2d 354, 360–61 (Tex.Crim.App.1998) (op. on reh'g), *cert. denied*, 525 U.S. 1181, 119 S.Ct. 1121, 143 L.Ed.2d 116 (1999); *Funk v. State*, 188 S.W.3d 229, 231 (Tex. App.–Fort Worth 2006, no pet.). When trial counsel does not withdraw and is not replaced by new counsel after sentencing, a rebuttable presumption exists that trial counsel continued to represent the defendant during the time for filing a motion for new trial. *Smith v. State*, 17 S.W.3d 660, 662 (Tex.Crim.App.2000); *Oldham*, 977 S.W.2d at 363; *Funk*, 188 S.W.3d at 231–32.

In this case, Appellant's trial counsel timely filed the notice of appeal. Included in that notice was a handwritten statement by trial counsel that he was "not hired or appointed for appeal." Appellant contends that this leaves an *implication* that trial counsel "took no further action based on a belief his representation was concluded." Appellant further asserts that this implication is strengthened by a written statement by trial counsel in Appellant's motion

to appoint appellate counsel, in which trial counsel stated that he signed the notice of appeal "due solely to the fact [Appellant]" was transferred out of Parker County. The gist of Appellant's argument is that these statements imply that trial counsel did not communicate with Appellant during the time period for filing a motion for new trial.

The State counters that these "implications" are not sufficient to rebut the presumption that trial counsel continued to represent the defendant during the time for filing a motion for new trial. The State first points out that the order appointing trial counsel to Appellant explicitly states that trial counsel was to represent Appellant "until charges are dismissed, [Appellant] is acquitted or [trial counsel] is ... replaced." And, argues the State, none of the events relieving trial counsel of his duties occurred—thus, trial counsel could not have properly withdrawn representation. The State further argues that there is evidence in the record that Appellant was fully informed of his right to file a motion for new trial. Namely, the plea paperwork contains a paragraph regarding the waiver of both the right to file a motion for new trial and the right to appeal. This paragraph is marked out and signed by both Appellant and his trial counsel. The State contends that this indicates Appellant's awareness and desire to retain these rights. Moreover, argues the State, trial counsel timely filed the notice of appeal—which stated that Appellant desired to appeal—and trial counsel timely filed the designations for the reporter's record and clerk's record for Appellant. We agree with the State.

■ We hold that Appellant has failed to rebut the presumption that trial counsel continued to represent Appellant during the thirty-day period for filing a motion for new trial. *See Smith*, 17 S.W.3d at 662.

Moreover, we hold that there is evidence that trial counsel continued to represent Appellant during this time. We overrule Appellant's sole point.

### III. Conclusion

Having overruled Appellant's sole point, we affirm the trial court.