COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.  2-07-148-CR

 

DANIEL KEITH MCBRIDE                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 43RD DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I. Introduction

In July of 2004, Appellant
Daniel Keith McBride was placed on deferred adjudication community supervision
for the offense of indecency with a child. 
In March of 2007, Appellant pleaded Atrue@ to the
allegations of failing to register as a sex offender and other violations of
the conditions of his community supervision. 
The trial court adjudicated Appellant guilty and sentenced him to
fifteen years=
incarceration.     








In a single point, Appellant
complains that he was denied his constitutional right to counsel during the
thirty‑day period for filing a motion for new trial.  We affirm.

II. Discussion

In his sole issue, Appellant
asserts that he was denied his state and federal constitutional rights to
counsel during a critical stage of the proceedings against himCthe thirty‑day period for filing, presenting, and obtaining a
hearing on a motion for new trial.  We
disagree. 








As a matter of federal
constitutional law, the period for filing a motion for new trial is a Acritical stage@ of the
proceedings, and a defendant is entitled to counsel during that period.  Cooks v. State, 240 S.W.3d 906, 911
(Tex. Crim. App. 2007).  Trial counsel,
whether retained or appointed, has the duty to consult with and fully advise
his client concerning the meaning and effect of the trial court=s judgment, the right to appeal from that judgment, and the necessity
of giving notice of appeal and taking other steps to pursue an appeal, as well
as the duty to express his professional judgment as to possible grounds for
appeal and their merit, and delineate the advantages and disadvantages of
appeal.  Oldham v. State, 977
S.W.2d 354, 360‑61 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 525 U.S. 1181 (1999); Funk v. State,
188 S.W.3d 229, 231 (Tex. App.CFort Worth 2006, no pet.).  When
trial counsel does not withdraw and is not replaced by new counsel after
sentencing, a rebuttable presumption exists that trial counsel continued to
represent the defendant during the time for filing a motion for new trial.  Smith v. State, 17 S.W.3d 660, 662
(Tex. Crim. App. 2000); Oldham, 977 S.W.2d at 363; Funk, 188
S.W.3d at 231-32.

In this case, Appellant=s trial counsel timely filed the notice of appeal.  Included in that notice was a handwritten
statement by trial counsel that he was Anot hired or appointed for appeal.@  Appellant contends that this
leaves an implication that trial counsel Atook no further action based on a belief his representation was
concluded.@  Appellant further asserts that this
implication is strengthened by a written statement by trial counsel in
Appellant=s motion to
appoint appellate counsel, in which trial counsel stated that he signed the
notice of appeal Adue solely
to the fact [Appellant]@ was
transferred out of Parker County.  The
gist of Appellant=s argument
is that these statements imply that trial counsel did not communicate with
Appellant during the time period for filing a motion for new trial. 








The State counters that these
Aimplications@ are not
sufficient to rebut the presumption that 
trial counsel continued to represent the defendant during the time for
filing a motion for new trial.  The State
first points out that the order appointing trial counsel to Appellant
explicitly states that trial counsel was to represent Appellant Auntil charges are dismissed, [Appellant] is acquitted or [trial
counsel] is . . . replaced.@  And, argues the State, none of
the events relieving trial counsel of his duties occurredCthus, trial counsel could not have properly withdrawn representation.  The State further argues that there is
evidence in the record that Appellant was fully informed of his right to file a
motion for new trial.  Namely, the plea
paperwork contains a paragraph regarding the waiver of both the right to file a
motion for new trial and the right to appeal. 
This paragraph is marked out and signed by both Appellant and his trial
counsel.  The State contends that this
indicates Appellant=s awareness
and desire to retain these rights. 
Moreover, argues the State, trial counsel timely filed the notice of
appealCwhich stated that Appellant desired to appealCand trial counsel timely filed the designations for the reporter=s record and clerk=s record for Appellant.  We
agree with the State. 








We hold that Appellant has
failed to rebut the presumption that trial counsel continued to represent
Appellant during the thirty‑day period for filing a motion for new trial.
 See Smith, 17 S.W.3d at
662.  Moreover, we hold that there is
evidence that trial counsel continued to represent Appellant during this
time.  We overrule Appellant=s sole point.

III. Conclusion

Having overruled Appellant=s sole point, we affirm the trial court. 

 

 

ANNE GARDNER

JUSTICE

 

PANEL F:    DAUPHINOT, HOLMAN, and GARDNER, JJ.

 

PUBLISH

 

DELIVERED:  February 28, 2008