COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NO.  2-09-041-CR

 

 

ASHLEY BREWER                                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 16TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction








After a
revocation hearing, the trial court revoked Appellant Ashley  Brewer=s
deferred adjudication community supervision, adjudicated her guilty, and
sentenced her to eight-years=
imprisonment.  In two issues,
Appellant asks us to abate her appeal to allow the trial court to address her
complaints concerning her punishment and argues that her eight-year sentence
violates the Eighth Amendment of the United States Constitution and article I,
section 13 of the Texas constitution.  We
affirm.

II. 
Factual and Procedural Background

On
October 3, 2007, and pursuant to a plea bargain, Appellant pleaded guilty to
the second-degree felony of possession of a controlled substance.[2]  See Tex. Health & Safety Code Ann.
' 481.115(4)(a),
(d) (Vernon 2003).  The trial court deferred
adjudicating Appellant=s guilt and placed her on
deferred adjudication community supervision for eight years.  








On
February 13, 2008, the State filed a motion to proceed to adjudication and alleged
that Appellant had (1) failed to report;(2) failed to pay her supervision fees,
fine, court costs, and restitution; and (3) failed to  complete community service.[3]  The State subsequently amended its motion to
proceed to adjudication on September 10, 2008, and October 29, 2008, and added
allegations that Appellant had (1) committed a new criminal offense during the
term of her community supervision; (2) used illegal narcotics, barbiturates, or
controlled substances; (3) consumed alcohol; (4) failed to maintain employment;
(5) failed to notify of a change of employment or address; and (6) failed to
submit to alcohol and drug testing. 

Following
a hearing on the State=s motions to adjudicate guilt,
the trial court found the State=s
allegations true and sentenced Appellant to eight years=
confinement.[4]  Appellant did not object to her sentence at
the time it was imposed, and she did not file a motion for new trial.  This appeal followed.

III.  Discussion

A.  Cruel and Unusual Punishment

Appellant
contends in her first issue that her eight-year sentence violates the Eighth
Amendment of the United States Constitution and article I, section 13 of the
Texas constitution.  However, Appellant
did not object to her eight-year sentence at the time it was imposed nor
complain about it in a motion for new trial. 
As we recently held in Kim v. State, 








It is axiomatic that errors that are asserted on
the part of the trial court must generally be brought to the trial court=s attention in order to
afford the trial court an opportunity to correct the error, if any.  To preserve for appellate review a complaint
that a sentence is grossly disproportionate, constituting cruel and unusual
punishment, a defendant must present to the trial court a timely request,
objection, or motion stating the specific grounds for the ruling desired. . . .

 

[Appellant=s] complaint about the alleged disproportionality
of his sentence was not raised at the time it was imposed or in a motion for
new trial. Therefore, he preserved nothing for our review.

 

283 S.W.3d 473, 475 (Tex. App.CFort
Worth 2009, pet. ref=d) (internal citations omitted);
see also Noland v. State, 264 S.W.3d 144, 151B52 (Tex.
App.CHouston
[1st Dist.] 2007, pet. ref=d)
(holding defendant failed to preserve his Eighth Amendment complaint of grossly
disproportionate sentence); Acosta v. State, 160 S.W.3d 204, 211 (Tex.
App.CFort
Worth 2005, no pet.) (holding defendant failed to preserve his Texas
constitution complaint of grossly disproportionate sentence).  Just as in Kim, Appellant did not
object to her eight-year sentence at the time it was imposed or complain about
it in a motion for new trial.  See Kim,
283 S.W.3d at 475.  Appellant
therefore preserved nothing for our review. 
See id.  








Further,
even if we were to reach the merits of Appellant=s
complaint, her eight-year sentence is well within the statutory range of two to
twenty years for second-degree felonies. 
See Tex. Penal Code Ann. ' 12.33.  And punishment imposed within the statutory
range is generally not subject to challenge for excessiveness.  See Kim, 283 S.W.3d at 475B76
(stating punishment assessed not excessive where it was based on sentencer=s
informed normative judgment and fell within the legislatively prescribed range);
Dale v. State, 170 S.W.3d 797, 799 (Tex. App.CFort
Worth 2005, no pet.) (AGenerally, punishment assessed
within the statutory limits is not excessive, cruel, or unusual punishment.@).  Appellant could have been sentenced to as
many as twenty years= confinement and a $10,000 fine
but received only an eight-year sentence with a $1,500 fine.  See Tex. Penal Code Ann. ' 12.33.  We overrule Appellant=s first
issue.

B.  Motion to Abate Appeal








Appellant
contends in her second issue that we should abate her appeal to allow the trial
court to address her complaints concerning her eight-year sentence.[5]  The State counters that Appellant has failed
to rebut the presumption that she was represented by counsel during the
thirty-day period for a motion for new trial. 
We agree with the State.

A
defendant is entitled to counsel during the period for filing a motion for new
trial.  Cooks v. State, 240 S.W.3d
906, 911 (Tex. Crim. App. 2007); Funk v. State, 188 S.W.3d 229, 231
(Tex. App.CFort Worth 2006, no pet.).  Trial counsel, whether retained or appointed,
has the duty to consult with and fully advise his client concerning the meaning
and effect of the trial court=s
judgment, the right to appeal from that judgment, and the necessity of giving
notice of appeal and taking other steps to pursue an appeal.  Oldham v. State, 977 S.W.2d 354, 360B61 (Tex.
Crim. App. 1998) (op. on reh=g), cert.
denied, 525 U.S. 1181 (1999); Funk, 188 S.W.3d at 231.  Trial counsel also has the duty to express
his professional judgment as to possible grounds for appeal and their merit and
to delineate the advantages and disadvantages of appeal.  Oldham, 977 S.W.2d at 360B61; Funk,
188 S.W.3d at 231.  Accordingly, when
trial counsel does not withdraw and is not replaced by new counsel after
sentencing, a rebuttable presumption exists that trial counsel continued to
represent the defendant during the time for filing a motion for new trial.  Smith v. State, 17 S.W.3d 660, 662
(Tex. Crim. App. 2000); Oldham, 977 S.W.2d at 363; Funk, 188
S.W.3d at 231B32. 








The
court of criminal appeals held in Oldham that Oldham did not Arebut
the presumption that [she] was represented by counsel and that counsel acted
effectively@ even though Oldham had Afiled a
pro se notice of appeal and indigency on the twenty-eighth day after
sentencing, there [was] a notation in the letter of assignment that attorney of
record on appeal [was] to be determined, and appellate counsel was appointed
sixty-two days after sentencing.@  Oldham, 977 S.W.2d at 362B63.  Further, the court stated that A[w]hen a
motion for new trial is not filed in a case, the rebuttable presumption is that
it was considered by the appellant and rejected.@  Id. at 363.  








Here,
the trial court sentenced Appellant on January 13, 2009, Appellant filed a pro
se notice of appeal on February 11, 2009, the twenty-ninth day after
sentencing, and Appellant=s motion for new trial was due
on February 12, 2009.  See Tex. R.
App. P. 21.4(a) (AThe defendant may file a motion
for new trial before, but no later than 30 days after, the date when the trial
court imposes or suspends sentence in open court.@).  Further, Appellant=s trial
counsel did not file a motion to withdraw until February 20, 2009.  That Appellant=s
court-appointed counsel did not learn of his February 10, 2009 appointment
until February 17, 2009, is not significant to this issue because, even
assuming that Appellant=s trial counsel no longer
represented her as of the time her appellate counsel was appointed on February
10, 2009, Appellant still has not rebutted the presumption that she was
represented by trial counsel for twenty-eight of the thirty days she had to
file a motion for new trial.  See
Oldham, 977 S.W.2d at 362B63; see
also Stephens v. State, Nos. 09-06-00406-CR, 09-06-00407-CR,
09-06-00414-CR, 2007 WL 2127208, at *3B4 (Tex.
App.CBeaumont
July 25, 2007, pet. ref=d) (mem. op., not designated for
publication) (holding appellant did not rebut presumption where trial counsel
did not withdraw until after motion for new trial deadline); Tucker v. State,
No. 02-06-00054-CR, 2007 WL 439070, at *6 (Tex. App.CFort
Worth Feb. 8, 2007, no pet.) (mem. op., not designated for publication)
(holding appellant did not rebut presumption even when trial counsel was
permitted to withdraw before thirtieth day and record reflected appellant had
counsel for twenty-one of the thirty days he had to file a motion for new
trial).








Further,
Appellant=s pro se notice of appeal
supports that she was represented by counsel because the Apro se
notice of appeal is evidence that [s]he was informed of at least some of [her]
appellate rights.@ 
Smith, 17 S.W.3d at 663; see also Oldham, 977 S.W.2d at
363 (A[T]he
fact that the appellant filed a pro se notice of appeal is evidence that she
must have been informed of at least some of her appellate rights, and we
presume she was adequately counseled unless the record affirmatively displays
otherwise.@).  

We hold
Appellant has failed to rebut the presumption that trial counsel continued to
represent her during the thirty-day period for filing a motion for new
trial.  See Smith, 17 S.W.3d at
662.  We therefore deny Appellant=s motion
to abate this appeal and overrule her second issue.

IV. 
Conclusion

Having
overruled Appellant=s two issues, we deny Appellant=s motion
to abate this appeal and affirm the trial court=s
judgment.      

 

 

ANNE GARDNER

JUSTICE

 

PANEL:  DAUPHINOT, GARDNER, and
WALKER, JJ.

 

DAUPHINOT, J. concurs without opinion.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 25, 2010











[1]See Tex. R. App. P. 47.4.





[2]Appellant was charged by
indictment with possession with intent to deliver but pleaded guilty to a
lesser-included offense. 





[3]The State=s initial motion to
proceed to adjudication also included an allegation that Appellant had failed
to complete a drug and alcohol evaluation, but the State withdrew that
allegation in its October 29, 2008 amended motion. 





[4]The punishment range for
a second degree felony is two to twenty years and a fine not to exceed
$10,000.  Tex. Penal Code Ann. ' 12.33 (Vernon
2003).





[5]Appellant argues a motion
for new trial was the only time her complaint could have been raised,
but we note that Appellant=s prior counsel could have objected to her
sentence when it was imposed at the sentencing hearing.  See Kim, 283 S.W.3d at 475 (holding
failure to raise complaint of disproportionate sentence not preserved when it Awas not raised at the
time it was imposed or in a motion for new trial@ (emphasis added)).