COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-09-041-CR

ASHLEY BREWER                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

After a revocation hearing, the trial court revoked Appellant Ashley Brewer's deferred adjudication community supervision, adjudicated her guilty, and sentenced her to eight-years' imprisonment. In two issues, Appellant asks us to abate her appeal to allow the trial court to address her complaints

---

[1] *See* Tex. R. App. P. 47.4.

concerning her punishment and argues that her eight-year sentence violates the Eighth Amendment of the United States Constitution and article I, section 13 of the Texas constitution. We affirm.

## II. Factual and Procedural Background

On October 3, 2007, and pursuant to a plea bargain, Appellant pleaded guilty to the second-degree felony of possession of a controlled substance.[2] *See* Tex. Health & Safety Code Ann. § 481.115(4)(a), (d) (Vernon 2003). The trial court deferred adjudicating Appellant's guilt and placed her on deferred adjudication community supervision for eight years.

On February 13, 2008, the State filed a motion to proceed to adjudication and alleged that Appellant had (1) failed to report;(2) failed to pay her supervision fees, fine, court costs, and restitution; and (3) failed to complete community service.[3] The State subsequently amended its motion to proceed to adjudication on September 10, 2008, and October 29, 2008, and added

---

[2] Appellant was charged by indictment with possession with intent to deliver but pleaded guilty to a lesser-included offense.

[3] The State's initial motion to proceed to adjudication also included an allegation that Appellant had failed to complete a drug and alcohol evaluation, but the State withdrew that allegation in its October 29, 2008 amended motion.

allegations that Appellant had (1) committed a new criminal offense during the term of her community supervision; (2) used illegal narcotics, barbiturates, or controlled substances; (3) consumed alcohol; (4) failed to maintain employment; (5) failed to notify of a change of employment or address; and (6) failed to submit to alcohol and drug testing.

Following a hearing on the State's motions to adjudicate guilt, the trial court found the State's allegations true and sentenced Appellant to eight years' confinement.[4]  Appellant did not object to her sentence at the time it was imposed, and she did not file a motion for new trial.  This appeal followed.

### III.  Discussion

### A.  Cruel and Unusual Punishment

Appellant contends in her first issue that her eight-year sentence violates the Eighth Amendment of the United States Constitution and article I, section 13 of the Texas constitution.  However, Appellant did not object to her eight-year sentence at the time it was imposed nor complain about it in a motion for new trial.  As we recently held in *Kim v. State*,

---

[4]... The punishment range for a second degree felony is two to twenty years and a fine not to exceed $10,000.  Tex. Penal Code Ann. § 12.33 (Vernon 2003).

3

It is axiomatic that errors that are asserted on the part of the trial court must generally be brought to the trial court's attention in order to afford the trial court an opportunity to correct the error, if any. To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. . . .

[Appellant's] complaint about the alleged disproportionality of his sentence was not raised at the time it was imposed or in a motion for new trial. Therefore, he preserved nothing for our review.

283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (internal citations omitted); *see also Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding defendant failed to preserve his Eighth Amendment complaint of grossly disproportionate sentence); *Acosta v. State*, 160 S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.) (holding defendant failed to preserve his Texas constitution complaint of grossly disproportionate sentence). Just as in *Kim*, Appellant did not object to her eight-year sentence at the time it was imposed or complain about it in a motion for new trial. *See Kim*, 283 S.W.3d at 475. Appellant therefore preserved nothing for our review. *See id*.

Further, even if we were to reach the merits of Appellant's complaint, her eight-year sentence is well within the statutory range of two to twenty years

4

for second-degree felonies. *See* Tex. Penal Code Ann. § 12.33. And punishment imposed within the statutory range is generally not subject to challenge for excessiveness. *See Kim*, 283 S.W.3d at 475–76 (stating punishment assessed not excessive where it was based on sentencer's informed normative judgment and fell within the legislatively prescribed range); *Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.) ("Generally, punishment assessed within the statutory limits is not excessive, cruel, or unusual punishment."). Appellant could have been sentenced to as many as twenty years' confinement and a $10,000 fine but received only an eight-year sentence with a $1,500 fine. *See* Tex. Penal Code Ann. § 12.33. We overrule Appellant's first issue.

## B. Motion to Abate Appeal

Appellant contends in her second issue that we should abate her appeal to allow the trial court to address her complaints concerning her eight-year sentence.[5] The State counters that Appellant has failed to rebut the

---

[5] Appellant argues a motion for new trial was the *only* time her complaint could have been raised, but we note that Appellant's prior counsel could have objected to her sentence when it was imposed at the sentencing hearing. *See Kim*, 283 S.W.3d at 475 (holding failure to raise complaint of disproportionate sentence not preserved when it "was not raised *at the time it was imposed* or in a motion for new trial" (emphasis added)).

5

presumption that she was represented by counsel during the thirty-day period for a motion for new trial. We agree with the State.

A defendant is entitled to counsel during the period for filing a motion for new trial. *Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007); *Funk v. State*, 188 S.W.3d 229, 231 (Tex. App.—Fort Worth 2006, no pet.). Trial counsel, whether retained or appointed, has the duty to consult with and fully advise his client concerning the meaning and effect of the trial court's judgment, the right to appeal from that judgment, and the necessity of giving notice of appeal and taking other steps to pursue an appeal. *Oldham v. State*, 977 S.W.2d 354, 360–61 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 525 U.S. 1181 (1999); *Funk*, 188 S.W.3d at 231. Trial counsel also has the duty to express his professional judgment as to possible grounds for appeal and their merit and to delineate the advantages and disadvantages of appeal. *Oldham*, 977 S.W.2d at 360–61; *Funk*, 188 S.W.3d at 231. Accordingly, when trial counsel does not withdraw and is not replaced by new counsel after sentencing, a rebuttable presumption exists that trial counsel continued to represent the defendant during the time for filing a motion for new trial. *Smith v. State*, 17 S.W.3d 660, 662 (Tex. Crim. App. 2000); *Oldham*, 977 S.W.2d at 363; *Funk*, 188 S.W.3d at 231–32.

The court of criminal appeals held in *Oldham* that Oldham did not "rebut the presumption that [she] was represented by counsel and that counsel acted effectively" even though Oldham had "filed a pro se notice of appeal and indigency on the twenty-eighth day after sentencing, there [was] a notation in the letter of assignment that attorney of record on appeal [was] to be determined, and appellate counsel was appointed sixty-two days after sentencing." *Oldham*, 977 S.W.2d at 362–63. Further, the court stated that "[w]hen a motion for new trial is not filed in a case, the rebuttable presumption is that it was considered by the appellant and rejected." *Id*. at 363.

Here, the trial court sentenced Appellant on January 13, 2009, Appellant filed a pro se notice of appeal on February 11, 2009, the twenty-ninth day after sentencing, and Appellant's motion for new trial was due on February 12, 2009. *See* Tex. R. App. P. 21.4(a) ("The defendant may file a motion for new trial before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court."). Further, Appellant's trial counsel did not file a motion to withdraw until February 20, 2009. That Appellant's court-appointed counsel did not learn of his February 10, 2009 appointment until February 17, 2009, is not significant to this issue because, even assuming that Appellant's trial counsel no longer represented her as of the

7

time her appellate counsel was appointed on February 10, 2009, Appellant still has not rebutted the presumption that she was represented by trial counsel for twenty-eight of the thirty days she had to file a motion for new trial. *See Oldham*, 977 S.W.2d at 362–63; *see also Stephens v. State*, Nos. 09-06-00406-CR, 09-06-00407-CR, 09-06-00414-CR, 2007 WL 2127208, at *3–4 (Tex. App.—Beaumont July 25, 2007, pet. ref'd) (mem. op., not designated for publication) (holding appellant did not rebut presumption where trial counsel did not withdraw until after motion for new trial deadline); *Tucker v. State*, No. 02-06-00054-CR, 2007 WL 439070, at *6 (Tex. App.—Fort Worth Feb. 8, 2007, no pet.) (mem. op., not designated for publication) (holding appellant did not rebut presumption even when trial counsel was permitted to withdraw before thirtieth day and record reflected appellant had counsel for twenty-one of the thirty days he had to file a motion for new trial).

Further, Appellant's pro se notice of appeal supports that she was represented by counsel because the "pro se notice of appeal is evidence that [s]he was informed of at least some of [her] appellate rights." *Smith*, 17 S.W.3d at 663; *see also Oldham*, 977 S.W.2d at 363 ("[T]he fact that the appellant filed a pro se notice of appeal is evidence that she must have been

informed of at least some of her appellate rights, and we presume she was adequately counseled unless the record affirmatively displays otherwise.").

We hold Appellant has failed to rebut the presumption that trial counsel continued to represent her during the thirty-day period for filing a motion for new trial. *See Smith*, 17 S.W.3d at 662. We therefore deny Appellant's motion to abate this appeal and overrule her second issue.

IV. Conclusion

Having overruled Appellant's two issues, we deny Appellant's motion to abate this appeal and affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DAUPHINOT, J. concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 25, 2010