**AFFIRM; and Opinion Filed April 22, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00621-CR

**BYRON KEITH BOOKER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-0958130-U**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Brown

Byron Keith Booker appeals the trial court's judgment adjudicating him guilty of aggravated robbery. In two issues, he contends he was denied the right to counsel during the time for filing a motion for new trial and contends the presumption that trial counsel continued to represent him after sentencing should not apply in the context of this case. We affirm the trial court's judgment.

In September 2009, appellant was indicted for aggravated robbery. He entered an open plea of guilty. In June 2010, the trial court deferred adjudication of guilt and placed appellant on community supervision for seven years. Between July 2010 and November 2013, the State moved four times to proceed with an adjudication of guilt. Each time, appellant was continued on community supervision, but the conditions of community supervision were modified. In February 2015, the State moved again to proceed with an adjudication of guilt. Appellant and

the State entered into a plea agreement, by which appellant agreed to plead true to the allegations in the motion in exchange for a ten-year sentence. He signed a judicial confession stipulating that he violated various conditions of his community supervision. At a hearing on April 27, 2015, the trial court adjudicated appellant's guilt and assessed his punishment in accordance with the plea agreement. Any motion for new trial was due by May 27, 2015. *See* TEX. R. APP. P. 21.4 (defendant may file motion for new trial no later than thirty days after date court imposes sentence in open court). No motion for new trial was filed. Appellant timely filed a pro se notice of appeal.

Appellant was represented by several court-appointed attorneys during the pendency of his case. The attorney who represented appellant in April 2015 when the trial court imposed his sentence was appointed in February 2015. Nothing in the record indicates that attorney withdrew from the case before the time for filing a motion for new trial expired. Appellant's appellate counsel was appointed on September 30, 2015, after this Court abated the appeal to have the trial court determine the accuracy of its certification of appellant's right to appeal and determine why appellant's brief had not been filed.

In his first issue, appellant contends he was denied his Sixth Amendment right to counsel during the time period for filing a motion for new trial. To show he did not have counsel, appellant relies on the following: (1) he filed a pro se notice of appeal; (2) nothing in the record shows his trial attorney provided any legal representation after the date sentence was imposed; and (3) his appellate counsel was appointed well after the deadline for filing a motion for new trial. Although appellant does not specify what he would have raised in a motion for new trial,

he refers to a letter in the record written on his behalf in 2010 that asserted a claim of ineffective assistance of counsel against one of his attorneys, who was not named.[1]

The Sixth Amendment right to counsel extends to all "critical stages" of a criminal proceeding, not just the actual trial. *Gilley v. State*, 418 S.W.3d 114, 120 (Tex. Crim. App. 2014). The time period during which a motion for new trial may be filed is a critical stage for which a defendant has a constitutional right to counsel. *See Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007); *McBride v. State*, 249 S.W.3d 673, 674 (Tex. App.—Fort Worth 2008, no pet.). There is a rebuttable presumption that a defendant's trial counsel continued to represent him during the window for filing a motion for new trial. *Green v. State*, 264 S.W.3d 63, 69 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *see Oldham v. State*, 977 S.W.2d 354, 361 (Tex. Crim. App. 1998). In addition, when no motion for new trial is filed in a case, there is a rebuttable presumption that the defendant considered and rejected filing such a motion. *Oldham*, 977 S.W.2d at 363. The fact that a defendant filed a pro se notice of appeal is evidence that he must have been informed of at least some of his appellate rights. *Smith v. State*, 17 S.W.3d 660, 663 (Tex. Crim. App. 2000); *Oldham*, 977 S.W.2d at 363. Therefore, absent a showing in the record to the contrary, we presume a defendant was adequately counseled regarding his right to file a motion for new trial. *Smith*, 17 S.W.3d at 664.

Here, we presume appellant's trial counsel continued to represent him during the thirty-day period for filing a motion for new trial. We also presume his attorney adequately counseled him regarding the right to file a motion for new trial and that appellant made a conscious decision not to file one. Nothing in the record rebuts these presumptions. *See id.* at 663–64 (when defendant filed pro se notice of appeal, appellate counsel was appointed after deadline for

---

[1] The letter asserts counsel was ineffective for failing to bring certain information to the trial court's attention, such as appellant's desire to participate in "the freeworld inpatient and outpatient drug rehab program" rather than the SAFPF program.

filing motion for new trial, and defendant alleged ineffective assistance of counsel, presumption not rebutted); *Green*, 264 S.W.3d at 70–71 (same); *Benson v. State*, 224 S.W.3d 485, 497–98 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (same).

In his brief, appellant recognizes that these presumptions work against him. Therefore, in his second issue, he contends we should not apply them because his case involved a negotiated plea agreement. Appellant maintains that an attorney who negotiated a plea agreement for his client would normally have no reason to file a motion for new trial to undo the agreement or to assert an ineffective assistance claim. Appellant invites us to either distinguish this case from *Oldham* and others or make a change in the law. We decline to do so. While it is true that *Oldham* and *Smith* did not involve negotiated plea agreements, nothing in those cases suggests the court of criminal appeals intended to limit the applicable presumptions to contested proceedings. It is not our role as an intermediate appellate court to modify the law in this regard. Appellant has failed to show that he was denied his right to counsel during the time for filing a motion for new trial. We overrule appellant's first and second issues.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).

150621F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BYRON KEITH BOOKER, Appellant

No. 05-15-00621-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-0958130-U.
Opinion delivered by Justice Brown, Justices Lang and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 22nd day of April, 2016.